## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### BURGESS v. COMMONWEALTH.

January 18, 1923.

Reheard June 14, 1923.

1. ASSAULT AND BATTERY—*Punishment—Instructions—Simple Assault.*—
   In a prosecution for malicious assault the trial court instructed the
   jury that under certain circumstances they should find accused guilty
   of simple assault and fix his punishment at twelve (12) months in jail
   and a fine of two hundred dollars ($200.00).
   *Held:* That this instruction was manifestly and plainly wrong as to the
   punishment for assault, and that the error was not cured by another
   instruction correctly instructing the jury as to the punishment for
   simple assault.

2. APPEAL AND ERROR—*Contradictions in Record—Instructions—Case at
   Bar.*—The Supreme Court of Appeals must decide a case on the
   record before it. Thus, in the instant case, the record was contra-
   dictory in itself, in that certificate No. 3 purported to give "All the
   instructions that were granted on the trial of this case," whereas
   certificate No. 2 contained another instruction granted at the request
   of the Commonwealth, to which defendant excepted. Instruction
   No. 1 in certificate No. 3 was identical with the instruction contained
   in certificate No. 2, except as to punishment. Instruction No. 1 in
   certificate No. 3 declared that "Simple assault is punishable by con-
   finement in jail not more than twelve months or by a fine not exceed-
   ing $500, either or both," whereas the instruction in certificate No. 2
   told the jury that if they found accused guilty of simple assault they
   should fix his punishment at twelve (12) months in jail and a fine of
   two hundred dollars ($200.00).
   *Held:* That the Supreme Court of Appeals could not surmise as to
   what the facts actually were, and how the inconsistency arose. But
   as, upon the record, the instruction embodied in certificate No. 2 was
   given and the defendant excepted, the judgment must be reversed.

3. ASSIGNMENT OF ERRORS—*Exceptions, Bill of—Objections to Evidence—
   Pointing out Error.*—In the instant case it was assigned as error that
   the trial court permitted certain questions to be asked and answered
   over the objection of the accused. There was no separate bill or
   certificate of exception pointing out specifically the ground of the

objection, but only a general certificate of all the evidence introduced in the cause, with occasional notations by the stenographer "exception noted." In the application for the writ of error it was stated that the trial court erred in the "admission of the improper evidence contained in the following answers to the following questions," followed by three pages of questions and answers copied from the record. Reference to the record showed that as to most of the questions no objection was made.

*Held:* That exceptions to the rulings of the trial court on the admissibility of evidence could not be saved in this way.

*On Rehearing.*

4. *Appeal and Error—Contradictions in Record—Instructions—Rehearing— Reference to the Original Record.*—Upon inspection of the original record, brought before the Supreme Court of Appeals on the rehearing, the "muddle on the subject of instructions," referred to in the original opinion, was entirely cleared up. The instruction contained in certificate No. 2 of the printed record, which was all that was before the Supreme Court of Appeals on the subject on the original hearing, was in fact the same instruction as instruction No. 1, contained in certificate No. 3, referred to in the original opinion. That it did not so appear in the printed record was due to an error of the clerk in copying the record which accompanied the petition of the accused for the writ of error, which copy was printed, making the printed record. Hence, it now appears that the ground on which the case was reversed upon the original hearing does not exist, and, as the matter was still in the breast of the court, the court was forced to reach a different conclusion upon that point.

5. REHEARING—*Criminal Cases—Petition of the Commonwealth.*—The Supreme Court of Appeals has jurisdiction to rehear a criminal case on petition of the Commonwealth, and the granting of such a rehearing on motion of the Commonwealth is not in effect the granting of a writ of error or appeal to the Commonwealth in a case, not a revenue case, but one involving the liberty of a person, which would be a violation of section 38 of the Constitution of 1902.

6. REHEARING—*Criminal Cases—Correction of Printed Record.*—A petition of the Commonwealth for a rehearing in a criminal case asking that the original record be brought before the appellate court in order that the error of the clerk in copying it might be made to appear, constituted nothing more than a suggestion to the court that the error existed in the record before it; and the suggestion having been made before the original order of the appellate court became final, that court had jurisdiction, upon such suggestion, to grant the rehearing for that purpose.

7. Rehearing—*Rehearing Before Order or Decree Becomes Final—Correction of Clerical Errors.*—All courts, whether *nisi prius* or appellate, having properly obtained jurisdiction of any case, criminal as well as civil, have unquestionable jurisdiction so long as its orders or decrees on any subject have not become final, to rehear the case for any proper purpose—and certainly to correct a manifest clerical error is a proper purpose to induce the court to exercise such jurisdiction.

8. Assault and Battery—*Instructions—Assault without Battery—Fear or Apprehension.*—In a prosecution for malicious assault, the trial court instructed the jury that if they believed that the accused, "before the officer was out of shooting distance," shot "in such manner and under such circumstances as would naturally lead the officer to believe that the pistol was being shot at him and with intent to terrify the officer, they should find him guilty of simple assault, notwithstanding the accused had no intention to strike him." There was no conflict in the evidence that the officer was in fact put in fear or apprehension, though there was some conflict as to whether his fear or apprehension was well founded, but that question was properly submitted to the jury and there was ample evidence to sustain a finding that it was well founded.

*Held:* That there was no error in the instruction.

9. Assault and Battery—*Assault without Battery—Fear or Apprehension— Assailant not Intending to Strike Assailed.*—It is sufficient to constitute an assault that the party assailed is put in well founded fear or apprehension of bodily harm, although the assailant had in fact no intention to strike the party assailed and the latter was not in fact put in actual peril; and it is sufficient that the act done is with the intent to put the party assailed in fear or apprehension of bodily harm, and that by the act he is in fact put in well founded fear or apprehension of such harm.

Error to a judgment of the Corporation Court of the city of Norfolk.

*Affirmed.*

The opinion states the case.

*C. S. Smith, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

Burks, J., delivered the opinion of the court.

The plaintiff in error was indicted for malicious assault with intent to kill, and was found guilty of simple assault and sentenced to confinement in jail for twelve months and to pay a fine of $200.

The Commonwealth examined three witnesses on the subject of the shooting, all policemen of the city of Norfolk, and all of whom were eyewitnesses of a part or all of what transpired at the time. The conviction, however, is dependent upon the testimony of policeman Douglas, who is contradicted in important particulars by other witnesses for the Commonwealth, and by disinterested witnesses for the accused.

The record presents a singular muddle on the subject of instructions, with nothing to explain it. Certificate of exception No. 3 states: "The following instructions granted at the request of the plaintiff and of the defendant respectively, as hereinafter denoted, are all the instructions that were granted on the trial of this case." Then follow two instructions, numbered respectively 1 and 2, and immediately below them, the signature of the judge. The tenor of these two instructions indicate that they were asked by the Commonwealth. Below the signature of the judge, follow three instructions apparently asked by the accused, but unsigned and not otherwise made a part of the record. Instruction No. 1, embraced in the certificate No. 3 aforesaid, was as follows:

"The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the accused, after an altercation with officer Douglas, and before he was out of shooting distance of him, drew a pistol and shot same six times as the automobile was moving away and in such manner and under such cir-

cumstances as would naturally lead the said officer to believe that the pistol was being shot at him and with intent to terrify said officer, they should find him guilty of simple assault, notwithstanding the accused had no intention to strike him. Simple assault is punishable by confinement in jail not more than twelve months or by a fine not exceeding $500.00, either or both."

Certificate of exception No. 2 is in the following words and figures:

"The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the accused, after an altercation with officer Douglas, and before he was out of shooting distance of him, drew a pistol and shot some six times as the automobile was moving away and in such manner and under such circumstances as would naturally lead the said officer to believe that the pistol was being shot at him and with intent to terrify said officer, they should find him guilty of simple assault, notwithstanding the accused had no intent to strike him, and fix his punishment at twelve (12) months in jail and a fine of two hundred dollars ($200.00).

"The foregoing instruction was granted at the request of the Commonwealth and the defendant excepted.

"Teste: This 28th day of March, 1922.

"W. H. Sargeant, Judge."

[1, 2] This instruction is manifestly and plainly wrong as to the punishment for assault, and it is significant that the verdict accords with it exactly. The record is contradictory in itself. Certificate of exception No. 3 purports to give "All the instructions that were granted on the trial of this case," and yet does not embrace the instruction set out in certificate No. 2. In-

struction No. 1 set out in certificate No. 3 is identical with the instruction contained in certificate No. 2 except in the concluding clause.    Instruction No. 1 concludes with the complete sentence: "Simple assault is punishable by confinement in jail not more than twelve months or by a fine not exceeding $500.00, either or both."    The instruction in certificate No. 2 is not a complete sentence, but, as a part of a preceding sentence, concludes "and fix his punishment at twelve (12) months in jail and a fine of two hundred dollars ($200 .00)."    In certificate No. 2 the judge certifies over his signature, that the instruction therein quoted *was granted* at the request of the Commonwealth and the defendant excepted, and we have no power to say that such was not the fact.    We might surmise as to what the facts were, and how the inconsistency arose, but we cannot indulge in such surmise.    It might be wrong.    We must decide the case on the record before us.    Upon the record, the instruction embodied in certificate No. 2 was given and the defendant excepted. It is manifestly erroneous, and it is immaterial whether instruction No. 1 as set forth in certificate No. 3 was given or not.    If given it did not correct the error in the instruction set forth in certificate No. 2.    For this error, the judgment of the trial court must be reversed.

[3] It is also assigned as error that the trial court permitted certain questions to be asked and answered over the objection of the accused.    There is no separate bill or certificate of exception pointing out specifically the ground of the objection, but only a general certificate of all the evidence introduced in the cause, with occasional notations by the stenographer "exception noted."    In the application for the writ of error it is stated that the trial court erred in the "admission of the improper evidence contained in the following answers to the follow-

ing questions," and then follows three pages of questions and answers copied from the record. When we turn to the record we find several rulings of the court, and "exception noted" to only one of them, and as to most of the questions embraced in those copies as aforesaid no objection was made, and of course no exception noted. We have several times held that exceptions to the rulings of the trial court on the admissibility of testimony cannot be saved in this way. *Norfolk & W. R. Co.* v. *Shott*, 92 Va. 34, 22 S. E. 811; *Kibler* v. *Commonwealth*, 94 Va. 804, 813, 26 S. E. 858; *Robertson* v. *Atlantic Coast R. Co.* 129 Va. 494, 504-505, 106 S. E. 521; *Myers & Stewart* v. *Commonwealth*, 132 Va. 746, 111 S. E. 463.

For the error of the trial court in giving the instruction set forth in certificate of exception No. 2 the judgment must be reversed, and the case remanded for a new trial.

*Reheard, Wytheville, June 14, 1923.*

SIMS, J., delivered the opinion of the court.

[4] 1. Upon inspection of the original record, brought before us on the rehearing, the "muddle on the subject of instructions," referred to in the original opinion, has been entirely cleared up. The instruction contained in certificate No. 2 of the printed record, which was all that was before us on the subject on the original hearing, was in fact the same instruction as instruction No. 1, contained in certificate No. 3, referred to in the original opinion. That it did not so appear in the printed record was due to an error of the clerk in copying the record which accompanied the petition of the

accused for the writ of error, which copy was printed, making the printed record.    Hence, it now appears that the ground on which the case was reversed upon the original hearing on the appeal does not exist, and, as the matter is still in the breast of the court, the court is forced to reach a different conclusion upon this point.

[5–7] 2. It is objected on behalf of the accused that this court is without jurisdiction to rehear a criminal case on petition of the Commonwealth, upon any ground whatsoever; and the position is taken that for this court to rehear the case on motion of the Commonwealth is in effect to grant a writ of error or appeal to the Commonwealth in a case, not a revenue case, but one involving the liberty of a person, which would be in violation of the provisions of section 88 of the State Constitution on the subject.    We think that there is no merit in the objection or position taken in support of it.    The writ of error was awarded upon the petition of the accused, and the appeal was prosecuted by him. All that the petition of the Commonwealth for a rehearing asks is that the original record be brought before the appellate court in order that the error of the clerk in copying it might be made to appear, so as to enable this court to hear and determine the case upon the true record.    This constituted nothing more than a suggestion to the court that the aforesaid error existed in the record before it; and the suggestion having been made before the original order of this court became final, the court had jurisdiction, upon such suggestion, to grant the rehearing for the purpose aforesaid.    All courts, whether *nisi prius* or appellate, having properly obtained jurisdiction of any case, criminal as well as civil, have unquestionable jurisdiction so long as its orders or decrees on any subject have not become final, to rehear the case for any proper purpose—and

certainly to correct a manifest clerical error is a proper purpose to induce the court to exercise such jurisdiction.

3. The case, therefore, is before us on rehearing upon the true record (the printed record being corrected in the particular aforesaid touching the instructions), and upon the three assignments of error contained in the petition of the accused for the writ of error.

4. The questions raised by the third assignment of error concern certain questions asked and answered over the objection of the accused. These questions are dealt with in the original opinion, and for the reasons stated in the original opinion we adhere to the holding therein, that the exceptions to the rulings of the trial court on the admissibility of such testimony were not so saved and presented in the record before us as to enable us to consider the third assignment of error.

5. The first and second assignments of error were not passed on upon the original hearing. There is but a single question raised thereby and that is this:

[8] 6. Was instruction No. 1 erroneous, in that it told the jury, in substance, that if they believed from the evidence that the accused, "before the officer was out of shooting distance," shot "in such manner and under such circumstances as would naturally lead the officer to believe that the pistol was being shot at him and with intent to terrify the officer, they should find him guilty of simple assault, notwithstanding the accused had no intention to strike him."

The question must be answered in the negative.

That the officer was in fact put in fear or apprehension that he would be struck by the shots appears from his positive testimony to that effect. There is no conflict in the evidence as to this personal sensation on the part of the officer having been that of such fear or appre-

23

hension, or as to the circumstances plainly showing that the shooting by the accused was done with the intent to create such fear or apprehension, if not with the actual intent to strike the officer. The accused did not testify in the case, and there was no evidence controverting such plain showing of intent to frighten by the circumstances in evidence.

Whether the fear or apprehension of the officer was well founded or not is the subject of some conflict in the evidence, but that question was properly submitted to the jury, and there was ample evidence to sustain the finding that it was well founded.

[9] The instruction under consideration, therefore, presents the question on which there is a sharp and irreconcilable conflict in the authorities on the subject; diametrically opposed positions being taken by the authorities, namely: (a) That it is sufficient to constitute an assault that the party assailed is put in well founded fear or apprehension of bodily harm, although the assailant has in fact no intention to strike the party assailed and the latter is not in fact put in actual peril; and (b), that (where there is no battery) the putting of the party assailed in actual peril is essential to constitute an assault upon him. And since in a criminal prosecution for assault the existence of a criminal intent on the part of the accused is essential to his guilt, as corollary to the opposing views of such respective lines of decision, such lines of decision respectively hold: (c) That to render one guilty of the offense of an assault, it is sufficient that the act done is with the intent to put the party assailed in fear or apprehension of bodily harm, and that by the act he is in fact put in well founded fear or apprehension of such harm; and, (d) that to render one thus guilty, it is essential that the act done must be with the intent to do bodily harm to

the party assailed, and the latter (where there is no battery) must be put in actual peril of bodily harm.

In the brief for the accused the authorities containing the aforesaid holdings (b) and (d) are relied on, and of such authorities the following are cited in such brief, namely: *Chapman* v. *State*, 78 Ala. 463, 56 Am. Rep. 42; Wharton's Cr. Law, sec. 797; *Degenhardt* v. *Heller*, 93 Wis. 662, 68 N. W. 411, 57 Am. St. Rep. 945; *Edwards* v. *State*, 4 Ga. App. 167, 60 S. E. 1033, under a statute; *People* v. *McMakin*, 8 Cal. 547; and *State* v. *Godfrey*, 17 Or. 300, 20 Pac. 625, 11 Am. St. Rep. 830.   The other decisions cited in such brief, including *Lynch's Case*, 131 Va. 762, 109 S. E. 427, are not in point; except that *State* v. *Davis*, 23 N. C. 125, 35 Am. Dec. 735, cited for the accused, is contrary in its holding to the positions urged in behalf of the accused.   *Lynch's Case* did not involve the subject under consideration, there being in that case an actual corporeal touching of the party assailed.

We cannot, however, give our adherence to the view of the law taken by the authorities just mentioned.   We think that, both in reason and in accordance with the great weight of modern authority, the positions (a) and (c), aforesaid, embody the correct doctrine on the subject.

In 5 C. J. (5), 3, p. 618, this is said: "Whether there must exist an intention on the defendant's part to do bodily harm to the plaintiff is left in much doubt by the conflicting opinions of judges and text-writers.   *The better rule is* that the defendant's intention" (to do actual bodily harm) "does not enter into the case, for *if reasonable fear of bodily harm has been caused by the conduct of the defendant, this is an assault, even though he disclaims any intention to do wrong.*"   Citing a number of authorities.   (Italics supplied.)

Of the positions urged in behalf of the accused, which it disapproves, this authority, in the same paragraph, says this: "On the other hand it is laid down broadly in many cases, principally on the authority of a statement in Greenleaf on Evidence, that an intention to do harm is the essence of an assault, and that where, from the language, acts, or conduct of the alleged assailant, it is evident that there is no intention to do harm, there is no assault."

This authority thereupon adds the following: "But even granting the necessity of some intent to injure, it has been held that the intended injury may be to the mind and feelings as well as to the body." Citing a number of decisions. And further adds: "Apparent present ability" (to do physical violence) "* * * has been held to be sufficient; defendant need not be in striking distance or within arm's reach" of the party assailed. Citing a number of cases.

Mr. Bishop, however, as we think, best expresses the correct doctrine as to what constitutes an assault, where there is no battery, but the overt act done puts the party assailed in well founded fear of bodily harm, in 2 Bish. New Cr. Law (8th ed.), sec. 32, where this is said:

"*Actual peril—Apprehended.*—There is no need for the assailed party to be put in actual peril, if only a well founded apprehension is created. For this suffering is the same in the one case as in the other, and *the breach of the public peace is the same.*" Citing a number of cases. (Italics supplied.)

The case will therefore be affirmed.

*Affirmed.*