# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Paul J. Dolan

v.

Hon. Thomas F. Betz, Jr., Judge

July 21, 1970

Case No. (Law) 13587

By JUDGE PHILIP L. RUSSO

This matter was argued on July 17, 1970, in open court, at which time counsel for both sides cited authorities in support of their respective positions. Counsel for the petitioner relied heavily upon the case of *Rosser v. Commonwealth*, 159 Va. 1028 (1933). In that case the Virginia Supreme Court of Appeals held that there was double jeopardy but in so holding stated as follows:

It was certainly not intended that in a trial before the court without a jury, the Commonwealth, after introducing its evidence and finding it had failed to make a case against the accused would be permitted to nolle prosequi the indictment and be entitled to subject the accused to another trial for the same offense. If this could be done the accused would be liable to conviction for the same offense, in successive trials subject only to the whim of the attorney for the commonwealth. This would violate the letter and spirit of the constitution.

The contrary is true in the case at bar. A case had been made out against the defendant and the Judge of the Municipal Court of the City of Virginia Beach

decided to rehear the matter only because he was told that there was an agreement between the respective attorneys that the case would be continued and this agreement was not previously brought to his attention. This presents a far different situation from the *Rosser* case (*supra*). The Judge of the Municipal Court obviously felt that it was unfair to convict the defendant in his absence when all counsel involved had agreed upon a continuance and no one had appeared to bring this agreement to his attention.

Counsel for the petitioner also argued that there is no provision in the Code of Virginia, 1950, as amended, for the rehearing of a criminal case in a Municipal Court. The case of *Burgess* v. *Commonwealth*, 136 Va. 697 (1923), lays down the following proposition of law:

> All courts, whether nisi prius or appellate, having properly obtained jurisdiction of any case, criminal as well as civil, have unquestionable jurisdiction so long as its orders or decrees on any subject have not become final, to rehear the case for any proper purpose and certainly to correct a manifest clerical error is a proper purpose to induce the court to exercise such jurisdiction.

In the case at bar, it is clear that at the time that the Judge of the Municipal Court decided to rehear the case, the judgment of the court was not final. It would only have become final after the expiration of ten days from the date of the judgment.

Section 16.1-132 of the Code of Virginia, 1950, as amended, states as follows:

> *Right of appeal* -- Any person convicted in a court not of record of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court of the county or corporation or hustings court of the corporation, as the case may be. There shall also be an appeal of right from any order or judgment of a court not of record forfeiting any recognizance or revoking any suspension of sentence.

It is the opinion of this court that to rehear a case in which the defendant was tried in his absence due to the fact that it was not brought to the attention of the court that counsel for the respective parties had agreed upon a continuance is a "proper purpose" within the rule laid down in the *Burgess* case (*supra*).

After carefully reviewing all of the authorities cited by all counsel, it is the opinion of this court that the petition for a writ of prohibition should be dismissed and the writ denied.