COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Lemons and Frank
Argued by teleconference


JOSEPH STANLEY MONTEIRO

MEMORANDUM OPINION* BY
v.    Record No. 1842-98-1        JUDGE ROBERT P. FRANK
                                  JANUARY 4, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

Frederick A. Reese (Horne, West & Luck, P.C.,
on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Joseph Stanley Monteiro (appellant) appeals his conviction

for assault pursuant to Code § 18.2-57 after a bench trial.  On

appeal, he contends the evidence was insufficient to prove he

assaulted Elizabeth Morse.  We disagree and affirm his conviction.

FACTS

On the evening of November 20, 1997, Elizabeth Morse returned

to her home to find a man in her bedroom.  Her bedroom light was

on and the man, who had his back to Morse, was rummaging through

her jewelry box.  When the man turned around, she recognized him

as someone she had seen walking through her neighborhood.  Morse

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

testified that she had seen the man an average of twice a week since April 1997.

When appellant saw Morse, he approached her at a quick rate and raised his hands toward her. He pointed his finger to within a few inches of her nose and stated "'Now, I'm going to kill you.'" Appellant's face was within twelve to eighteen inches of Morse's face. While appellant's hand was not "balled up in a fist," Morse testified that she was horrified.

Appellant turned towards the back door and calmly left the house. Morse went to her neighbor's, Sissy Wallace's, house immediately after the incident. Wallace described Morse as "very nervous" and "shaking."

Appellant denied breaking into Morse's house. He admitted having been convicted of at least five felonies.

The trial judge overruled appellant's motion to strike, noting that appellant, who is between 5'8" and 5'10" tall and weighs approximately 150 pounds, is "substantially larger than the victim."

## ANALYSIS

In reviewing the sufficiency of evidence on appeal, "the appellate court must examine the evidence and all inferences reasonably deducible therefrom in the light most favorable to the Commonwealth, the prevailing party in the trial court." Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998) (citations omitted). "We may not disturb the trial court's

-

judgment unless it is 'plainly wrong or without evidence to support it.'"  Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (quoting Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)).

Furthermore, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

> "An assault is an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an intention coupled with a present ability, of using actual violence against the person of another.  But no words whatever, be they ever so provoking, can amount to an assault."

-

*Harper v. Commonwealth*, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (citation omitted).  Assault requires an overt act, which puts the party assailed in well-founded fear of bodily harm.  See *Burgess v. Commonwealth*, 136 Va. 697, 708, 118 S.E. 273, 276 (1923) (citation omitted).

In a prosecution for assault, the Commonwealth is required to prove that the defendant committed "'an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another.'" *Merritt v. Commonwealth*, 164 Va. 653, 658, 180 S.E. 395, 397 (1935) (citation omitted).  A victim need not be physically touched to be assaulted.  See *Seegars v. Commonwealth*, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994); *Harper*, 196 Va. at 733, 85 S.E.2d at 255 (stating that an assault occurs "'though [the victim] be not struck'").  However, a purely verbal threat with no appearance of an overt physical act does not constitute an assault.  See *Harper*, 196 Va. at 733, 85 S.E.2d at 255.

Appellant argues that there was no overt physical act that put Morse in fear.  We disagree.

In this case, the evidence viewed in the light most favorable to the Commonwealth established that Morse surprised appellant as he burglarized Morse's home.  Appellant, upon seeing Morse, rapidly advanced upon her, within twelve to eighteen inches of her face.  Appellant, in a menacing and threatening manner, pointed his finger at Morse, within an inch of her face, and threatened to

-

kill her.  The fact finder could properly conclude that appellant intended to do bodily harm to Morse to prevent her from identifying appellant as the perpetrator of the burglary and larceny.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>