LEMONS, Judge,
dissenting.
This case was not prosecuted as an assault; rather, the evidence and the argument of counsel confined the prosecution to a battery. An assault occurs where “the overt act done puts the party assailed in well founded fear of bodily harm.” Burgess v. Commonwealth, 136 Va. 697, 708, 118 S.E. 273, 276 (1923). There was no evidence and no contention that shining the low intensity laser light on Sergeant Giles caused him to experience reasonable apprehension of bodily harm. Sergeant Giles testified that he did not see the light beam and did not know how long it had been focused upon him. He did not react until the light beam shined in his eye. Sergeant Adams became aware of the light beam only after Sergeant Giles reacted to the light beam. Apparently still uncertain of exactly what had occurred, Sergeant Giles approached Adams and asked him what he had. Adams gave the laser light *472 device which was attached to his key chain to Giles and said, “It can’t hurt you.”
It is entirely possible that the appearance of a red dot on a person could cause reasonable apprehension that they had been targeted by a laser-sighting device attached to a firearm. However, the allegations and proof offered in this case clearly demonstrate that prosecution of Adams was based upon alleged battery and not assault.
Whether a touching is a battery depends upon the intent of the actor, not upon the force applied. See Wood v. Commonwealth, 149 Va. 401, 405, 140 S.E. 114, 115 (1927). Here, the evidence does not support beyond a reasonable doubt that Adams had the intent to offensively touch Sergeant Giles. In order to have such intent, Adams would have to know or be reasonably charged with knowledge that a six-dollar novelty item attached to his key chain had the potential for offensive touching. It is not within common knowledge that such' a device has such capacity. There is no evidence that Adams had specific knowledge of such capacity. That Adams had a bad relationship with Giles may explain his motive, but it does not prove intent to offensively touch. A finder of fact may infer that an actor intends the natural and probable consequences of his acts. See Campbell v. Commonwealth, 12 Va.App. 476, 484, 405 S.E.2d 1, 4 (1991). In the absence of common knowledge of the capacity of this device, no inference may be drawn. Without inference or specific knowledge, there is no proof that Adams intended to offensively touch Giles.
Additionally, the majority redefines “touching” for the purpose of common law battery. Although the reasoning is logical, it is unwise, because the unintended consequences may reach too far. Will the next prosecution for battery be based upon failure to dim high beams in traffic, flash photography too close to the subject, high intensity flashlight beams or sonic waves from a teenager’s car stereo? Rather than stretch the boundaries of the common law understanding of what is necessary for a “touching” to occur, criminalizing *473 conduct that involves intangible objects put in motion should be left to specific legislative action rather than generalized redefinition that may sweep into the ambit of criminal behavior conduct that is not intended. See, e.g., 720 Ill. Comp. Stat. 5/2-10.2, 2-10.3, 5/12-2, 12-4 (West 2000) (shining or flashing a laser gunsight near or on a person constitutes aggravated assault or aggravated battery); 720 Ill. Comp. Stat. 5/24.6-20 (West 2000) (aiming a laser pointer at a police officer is a misdemeanor); Wash. Rev.Code § 9A-49.020 (1999) (felony to discharge a laser beam at various peace officers or pilots, bus drivers or transit operators in the commission of their respective duties).
I respectfully dissent.