COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


JAMES RICHARD FLIPPEN, JR.
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1944-01-3              JUDGE LARRY G. ELDER
                                            APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRY COUNTY
                     David V. Williams, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on briefs), for
          appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     James Richard Flippen, Jr., (appellant) appeals from his

two bench trial convictions for assaulting a police officer in

violation of Code § 18.2-57(C).  On appeal, he contends the

trial court erroneously convicted him of assault and battery

rather than assault, as charged in the amended indictments.  In

addition, he contends that a conviction for assault required

proof of a specific intent rather than recklessness and that the

evidence was insufficient to prove the required intent.  We hold

the record reflects that appellant was convicted for assault

rather than assault and battery.  Further, we assume without

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

deciding that a conviction for assault requires proof of a specific intent, but we hold the circumstantial evidence was sufficient to prove a specific intent. Thus, we affirm appellant's convictions, subject to remand solely for the correction of clerical errors.

A.

PROCEDURAL BAR

Appellant contends first that he was convicted for assault and battery rather than assault as charged in the amended indictments. The Commonwealth argues that appellant waived this argument by failing to raise it in the trial court. We hold that the argument was not waived but that the record reflects a conviction for assault rather than assault and battery.

"The lack of authority of the trial court to render the judgment that it did may be raised at any time and by this Court on its own motion." Fontaine v. Commonwealth, 25 Va. App. 156, 165, 487 S.E.2d 241, 244 (1997) (noting such lack of authority is an absence of jurisdiction).

> The fact that the defendant did not object to . . . the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment. Unless an indictment is amended to conform to the proof or an accused acquiesces in being found guilty of an offense other than the one charged, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense.

-

Id.  Further, "[a]cquiescence requires something more than a mere failure to object."  Lowe v. Commonwealth, 33 Va. App. 583, 589, 535 S.E.2d 689, 692 (2000).  Where a defendant is convicted of the charged felony and "implore[s]" the court to set aside the felony conviction and find him guilty instead of a misdemeanor not lesser included in the charged felony, the defendant may not be heard to object.  Manns v. Commonwealth, 13 Va. App. 677, 679, 414 S.E.2d 613, 614-15 (1992).  Such an action constitutes, in essence, the defendant's request to the trial court to amend the indictment, thereby permitting conviction for the unrelated misdemeanor.  However, a mere statement to the judge seeking to clarify that one's ultimate conviction was for a misdemeanor rather than the felony for which he was indicted does not constitute acquiescence.  See Fontaine, 25 Va. App. at 165, 487 S.E.2d at 244.  Similarly, here, a mere question to the judge as to the number of counts for which appellant was convicted did not constitute acquiescence.  Appellant's counsel's question, "Were there two charges of assault?" did not constitute acquiescence to his conviction for two counts of assault and battery.

Thus, we may consider on appeal appellant's contention that the trial court erroneously convicted him for assault and battery on indictments that charged only assault.  In doing so, we adhere to the principle that "[a] court speaks only through its orders."  Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d

-

770, 773 (1964).  "Where a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may 'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Stamper v. Commonwealth, 220 Va. 260, 280-81, 57 S.E.2d 808, 822 (1979)).

Here, although the trial transcript indicates the trial court said it found appellant "guilty of two counts of assault and battery on a law enforcement officer," the sentencing order reflects that the trial court convicted appellant for two counts of assault on a police officer, the same offenses charged in the amended indictments.[1]  Thus, under the principles set forth above, we presume that the sentencing order rather than the transcript "'accurately reflects what transpired.'"  Id. at 88, 341 S.E.2d at 400 (quoting Stamper, 220 Va. at 281, 257 S.E.2d at 822).

---

[1] The parties agree that the conviction order incorrectly indicates appellant was convicted for two counts of attempted malicious wounding of a law enforcement officer.  They also agree that the sentencing order erroneously cites Code § 18.2-26 as the statute appellant was convicted of violating.  Thus, we remand the matter to the trial court for the sole purpose of correcting the clerical errors in those orders to reflect that appellant was convicted for two counts of assaulting a police officer in violation of Code § 18.2-57(C).  See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code § 8.01-428(B).

-

Further, appellant argued to the trial court that he was trying to get away and that the evidence established only that he operated his vehicle recklessly.  We hold this argument was sufficient to preserve his contention that the evidence did not establish the intent necessary to support his convictions.

B.

SUFFICIENCY OF EVIDENCE TO PROVE ASSAULT

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Code § 18.2-57(C) provides that "if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . ."  As defined by common law, an assault occurs when the perpetrator either (1) attempts to commit a battery or (2) puts another person in reasonable fear of receiving bodily hurt.  Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935); see Park Oil Co. v. Parham, 1 Va. App. 166, 170, 336 S.E.2d 531, 534 (1985).

A battery is "an unlawful touching."  Adams v. Commonwealth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000).

-

The touching need not result in injury to be a battery.  Id.
"'[T]he slightest touching of another . . . if done in a rude,
insolent, or angry manner, constitutes a battery . . . .'"  Id.
at 469, 534 S.E.2d at 350 (quoting Crosswhite v. Barnes, 139 Va.
471, 477, 124 S.E. 242, 244 (1924)) (citation omitted).  Thus,
under the definition of an assault as an attempted battery, an
assault is (1) an intent to touch another, even if only slightly
and without causing any injury, if done rudely, insolently or
angrily, and (2) a direct, ineffectual act toward such a
touching.  Under this definition, one may commit an assault even
though the victim is not aware of or frightened by any acts
directed at him, provided the perpetrator has the specific
intent to commit a battery and commits an overt act in
furtherance of that intent.  Id.; Parham, 1 Va. App. at 170, 336
S.E.2d at 534.

Under the second definition of assault above, an assault is
"an offer to batter" and "requires proof of a threat, actual or
implied, to batter and an apparent present ability to do so."
Roger D. Groot, Criminal Offenses and Defenses in Virginia, at
31 (4th ed. 1998) (footnote omitted).  The perpetrator need not
put the victim "in actual peril" as long as he "put[s] [the
victim] in well-founded fear or apprehension of bodily harm."
Burgess v. Commonwealth, 136 Va. 697, 706-07, 118 S.E. 273,
275-76 (1923).

-

Whether the perpetrator must intend to put the victim in fear or apprehension or whether recklessness or criminal negligence will suffice is not clear. Compare id. (noting in dicta that perpetrator must commit the act "with the intent to put the party assailed in fear or apprehension of bodily harm"), with Commonwealth v. Alexander, 260 Va. 238, 241-42, 531 S.E.2d 567, 568-69 (2000) (indicating in dicta that requisite mental state for assault may be either malice or wantonness (citing Merritt v. Commonwealth, 164 Va. 653, 658-59, 180 S.E. 395, 398 (1935)); Jones v. Commonwealth, 184 Va. 679, 681, 36 S.E. 571, 572 (1946); and Bennett v. Commonwealth, 35 Va. App. 442, 449, 546 S.E.2d 209, 212 (2001). Appellant contends proof of specific intent is required, whereas the Commonwealth argues criminal negligence will suffice. We need not resolve that dispute here because we conclude the evidence supports appellant's conviction under the higher standard, which requires proof that appellant intended to put the law enforcement officers pursuing him "in well-founded fear or apprehension of bodily harm." Burgess, 136 Va. at 706-07, 118 S.E. at 275-76.

"Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every

-

reasonable hypothesis except that of guilt." Coleman v.

Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

> When facts are equally susceptible to more
> than one interpretation, one which is
> consistent with the innocence of the
> accused, the trier of fact cannot
> arbitrarily adopt an inculpatory
> interpretation.  The fact finder, however,
> is entitled to draw inferences from proved
> facts, so long as the inferences are
> reasonable and justified.  Furthermore, the
> fact finder may infer that a person intends
> the immediate, direct, and necessary
> consequences of his voluntary acts.  Thus,
> when the fact finder draws such inferences
> reasonably, not arbitrarily, they will be
> upheld.

Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354,

356 (1998) (citations omitted).

The evidence established that, prior to the specific events

supporting his assault convictions, appellant was measured

driving eighty miles per hour in a fifty-five-mile-per-hour

zone.  To avoid being stopped, appellant led police through two

counties on a chase more than twenty-five miles long, speeding

and ignoring traffic signs, placing any other occupants of the

road in danger of harm.  When appellant began his flight, only

one officer was pursuing him, but he continued to flee after two

other officers joined the chase.  Even after appellant ran off

the road at a T intersection and the three law enforcement

vehicles came to a stop at the edge of the pavement, appellant

refused to yield to the officers' authority.  Instead, after

bouncing over a log and making a u-turn in a cloud of dust,

-

appellant drove directly toward the stationary line of law enforcement vehicles without "miss[ing] a beat." All three vehicles were occupied, and their lights and sirens remained activated. Appellant made no effort to go around the cars and instead drove between them, colliding with two and causing about $3,000 of damage to one of those two. Both of the officers whose vehicles were struck testified that they were scared or in fear immediately prior to the impact with appellant's truck.

The only reasonable hypothesis flowing from the evidence is that appellant intended to place all three law enforcement officers pursuing him in fear of receiving bodily hurt. See Haywood v. Commonwealth, 20 Va. App. 562, 567, 458 S.E.2d 606, 608 (1995) (holding accused's separate acts of driving directly toward three different law enforcement vehicles as each attempted to stop his flight were insufficient to prove an intent to kill each officer because acts also supported hypotheses that "[accused] believed that he could crash through any vehicle in his way or that the police would move out of his way, which they did"). That appellant acted with an intent to escape does not prevent a finding that he also acted with a second intent, to assault and, if necessary, to batter the officers in order to effect that escape. See Moody, 28 Va. App. at 707-08, 508 S.E.2d at 356-57 (holding fact that perpetrator in stolen car was attempting to escape parking lot and motioned pedestrian out of his way did not preclude finding that

-

perpetrator, who accelerated and did not swerve as he approached pedestrian, formed specific intent to run over pedestrian if he did not move). The fact finder was entitled to "infer that [appellant] intend[ed] the immediate, direct, and necessary consequences of his voluntary acts." Id. A direct consequence of appellant's voluntary act of driving directly toward the officers rather than around the line of vehicles was to place the officers in reasonable fear of receiving a bodily hurt. Thus, assuming without deciding that assault requires proof of a specific intent, the circumstantial evidence was sufficient to prove appellant acted with that intent.

For these reasons, we affirm appellant's convictions. However, due to clerical errors in the conviction and sentencing orders, see supra note 1, we remand to the trial court for the sole purpose of correcting the conviction and sentencing orders to reflect that appellant was convicted for two counts of assaulting a police officer in violation of Code § 18.2-57(C).

Affirmed on the merits and remanded with instructions.

-