BENTON, J.,
with whom FITZPATRICK, C.J., joins, dissenting.
Whatever doubt may have existed about the definition of assault in Virginia should have been dispelled by the Supreme Court’s recent decision in Zimmerman v. Commonwealth, 266 Va. 384, 585 S.E.2d 538 (2003). Affirming a conviction for assault on a law enforcement officer, the Court reaffirmed the longstanding definition of the crime of assault.
In this jurisdiction, we adhere to the common law definition of assault, there having been no statutory change to the crime. In order to constitute an assault, there must be an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person. Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). See Commonwealth v. Vaughn, 263 Va. 31, 35, 557 S.E.2d 220, 222 (2002) (“intent to put another in fear of bodily harm with a threat to use bodily force ... is an assault”).
An assault requires an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another. Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 *697 (1935). There is no requirement that a victim be physically touched to be assaulted. Harper, 196 Va. at 733, 85 S.E.2d at 255 (assault occurs “though [the victim] be not struck”).
Zimmerman, 266 Va. at 387, 585 S.E.2d at 539 (emphasis added).[1]
This definition comports with the usual common law standard because “in the early law a criminal assault was an attempt to commit a battery and that only.” Rollin M. Perkins, Criminal Law 159 (3d ed. 1982).[2] Consistent with this view, the common law of assault that the Court reiterated in Zimmerman has long been defined in Virginia as follows:
“An assault is an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an *698 intention coupled with a present ability, of using actual violence against the person of another. But no words whatever, be they ever so provoking, can amount to an assault; * * *”. (Italics supplied).
Harper, 196 Va. at 733, 85 S.E.2d at 255 (citation omitted). See also Berkeley v. Commonwealth, 88 Va. 1017, 1017-18, 14 S.E. 916, 916 (1892). Thus, I do not agree with the majority opinion’s Thesis that the common law of criminal assault, as applied in Virginia, excludes the requirement that the Commonwealth prove the accused acted “by means calculated to produce the end if carried into execution” or prove the accused’s intention was “coupled with a present ability ... to use actual violence.” Zimmerman, 266 Va. at 387, 585 S.E.2d at 539.
The majority opinion cites Lynch v. Commonwealth, 131 Va. 769, 109 S.E. 418 (1921), as authority for the proposition that Virginia law recognizes a tort law definition of assault as an alternative, separate type of assault under the criminal law. A cursory review of Lynch demonstrates, however, that the case involves an appeal of a conviction for “offering ardent spirits for sale,” id. at 771, 109 S.E. at 419, and that “[t]he sole question presented ... for decision ... is ... [whether] the ability, at the time an offer to sell ardent spirits is made, to complete the sale in accordance with the offer, [is] an essential element of the statutory offense of offering ardent spirits for sale.” Id. Deciding that question, the Supreme Court held that the statute at issue did not render “[t]he actual lack of such ability ... any ground of defense to the person making the offer,” id., and that the statute proscribed a verbal proposal, without the need to prove more. Id. at 773, 109 S.E. at 419. The Court also noted that the statute did not apply to an offer that was a joke, id. at 772, 109 S.E. at 419. Thus, while the discussion about assault in Lynch is an interesting one, it is clearly dicta.
The majority opinion also cites Burgess v. Commonwealth, 136 Va. 697, 118 S.E. 273 (1923), for the same proposition. The issue in Burgess, however, was revealed by the Supreme Court to be the following:
*699 Was instruction No. 1 erroneous, in that it told the jury, in substance, that if they believed from the evidence that the accused, “before the officer was out of shooting distance,” shot “in such manner and under such circumstances as would naturally lead the officer to believe that the pistol was being shot at him and with intent to terrify the officer, they should find him guilty of simple assault, notwithstanding the accused had no intention to strike him.”
136 Va. at 705, 118 S.E. at 275. Thus, Burgess presented no occasion to discuss the requirement of “present ability” because its existence was not contested and the question as presented by the Court established the existence of present ability. The Court discussed and resolved the issue whether the jury was permitted to find that the act was committed under circumstances denoting the requisite intent of causing apprehension. Id. at 708, 118 S.E. at 276.
Similarly, Vaughn does not support the majority opinion’s thesis. In that case, the accused, who shot a person and was convicted of malicious wounding, complained that the jury should have been given an instruction on the lesser offense of assault and battery. 263 Va. at 33, 557 S.E.2d at 221. Obviously, in view of the gunshot wound, Vaughn presented no issue concerning the existence of “present ability” or the need to prove that circumstance; it tacitly recognized that “ ‘[t]he threat to use deadly force by brandishing a deadly weapon has long been considered an assault.’ ” 263 Va. at 35, 557 S.E.2d at 222 (quoting Commonwealth v. Alexander, 260 Va. 238, 241, 531 S.E.2d 567, 568 (2000)). The discussion in Vaughn regarding assault concerned only the disputed issue of intent and led to the Court’s holding that “[a] finding of assault and battery by the jury in these circumstances would require denying the uncontroverted physical evidence and accepting Vaughn’s failure to explain what occurred as affirmative evidence of lesser intent.” 263 Va. at 36, 557 S.E.2d at 223.
A review of Merritt v. Commonwealth, 164 Va. 653, 180 S.E. 395 (1935), which the majority also relies upon, reveals that the Court did not adopt a definition of assault for criminal prosecutions that excludes the requirement to find “present *700 ability” or “means calculated to produce the end.” Noting that the indictment in Merritt “charged the accused with the commission of a crime by maliciously pointing a loaded gun at [a man], who was in shooting range,” 164 Va. at 656, 180 S.E. at 397, the Court held that the indictment charged “an assault.” In reaching that holding, the Court recited the usual definition of assault that incorporated the element of “present ability.” Id. at 658-59, 180 S.E. at 398. Indeed, when the Supreme Court reiterated this long standing definition in Zimmerman, it cited Merritt together with Harper and Vaughn as precedent. See Zimmerman, 266 Va. at 387, 585 S.E.2d at 539.
In the present case, the issue concerns whether the pointing of a finger while uttering the word “pow” is an act performed either “by means calculated to produce the end if carried into execution” or “with a present ability ... to use actual violence,” which is a circumstance that must accompany the intention of the accused. Zimmerman, 266 Va. at 387, 585 S.E.2d at 539. The police officer testified that the following occurred when he approached a car to issue a summons to the driver for speeding:
[W]hen I first got to the vehicle and I initiated the conversation and was looking around, I noticed that the passenger[, Carter,] had his right hand down by his right leg. As I spoke with the driver, it was a sudden movement. [Carter’s] arm came up. It arced up and across his body, like this____
He said, “Pow.” And that was — I believed it to be a firearm. I believed he had a weapon and was going to shoot me at that point, until he said, “Pow,” and then I realized that it was only his finger ....
The first thing I thought was that I was going to get shot. I — it’s a terrifying experience, and if I could have gotten my weapon, I would have shot him. But it’s — it happens ... [in] a split second.
The officer testified that Carter then “started laughing.”
The common law definition of “assault” as contained in Zimmerman does not encompass this type of intentional *701 conduct, which is intended to startle but is performed without a present ability to produce the end if carried out. Because of the definitional limitations of this common law rule, other states have addressed this type of conduct by statutory enactments. “[M]ost modern codes either include physical menacing in the crime of assault or else create a separate crime of ‘menacing’ or ‘threatening’ covering such conduct.” Wayne R. LaFave, Criminal Law § 16.3(b), at 825 n. 21 (4th ed. 2003). When legislatures statutorily define a crime in this manner “[f]or this type of assault, a present ability to inflict injury is clearly unnecessary.” Id. at 825. See, e.g., Williamson v. United States, 445 A.2d 975, 978 (D.C.App.1982) (holding that by statute an assault is established by proving “a menacing threat, which may or may not be accompanied by a specific intent to injure”); Bacon v. Bacon, 567 N.W.2d 414, 418 (Iowa 1997) (holding that by statute the offender need only “have the apparent ability to execute the act constituting the assault” and that “[t]he ability ... must be apparent to the offender, not the victim”); Barrios v. State, 118 Md.App. 384, 702 A.2d 961, 970 (1997) (noting that by statute Maryland provides for alternative forms of assault, one of which is “an assault of the intentional frightening variety ... [that only] require[s] in terms of perception ... an apparent present ability from the viewpoint of the threatened victim”); State v. Riley, 141 Vt. 29, 442 A.2d 1297, 1298 (1982) (noting that Vermont’s assault statute, which is patterned on the Model Penal Code, “was intended to incorporate into the criminal law the civil notion of assault” and to permit prosecution “against a person who places another in fear of bodily injury, even if the alleged assailant acts without purpose to carry out the threat”).
For these reasons, I disagree with the majority opinion’s holding that a conviction for criminal assault can be sustained in Virginia even though the evidence failed to prove the accused had a present ability to harm the officer. I would hold that Carter committed an “act accompanied with circumstances denoting an intention” to menace but it was not “coupled with a present ability ... to use actual violence” or “calculated to produce the end if carried into execution.” *702 Zimmerman, 266 Va. at 387, 585 S.E.2d at 539. See, e.g., People v. Marceaux, 3 Cal.App.3d 613, 83 Cal.Rptr. 798, 803 (1970) (holding that “an assault conviction cannot be predicated upon an intent only to frighten”); People v. Vaiza, 244 Cal.App.2d 121, 52 Cal.Rptr. 733, 735 (1966) (holding that “[i]f a person threatens to shoot another with ... a chocolate candy pistol, there is no ability to commit ... any injury with it on the person of another”); Johnson v. State, 158 Ga.App. 432, 280 S.E.2d 856, 857 (1981) (holding that the evidence failed to establish “the present ability to inflict a violent injury” where the evidence proved the accused shook his finger while making a threat at persons in a car).
Because Virginia continues to be guided by the common law rule concerning assault, I would hold that the conviction is not supported because the evidence failed to prove Carter acted “by means calculated to produce the end if carried into execution.” Zimmerman, 266 Va. at 387, 585 S.E.2d at 539. Accordingly, I would reverse the conviction for assault.

. Consistent with the assault definition in Zimmerman, the full sentence extracted in the Vaughn citation in this quotation is as follows: "We have held that the intent to put another in fear of bodily harm with a threat to use bodily force, such as brandishing a deadly weapon, is an assault.” 263 Va. at 35, 557 S.E.2d at 222 (emphasis added). Thus, Vaughn supports the proposition that "present ability” or "means calculated to produce the end if carried into execution” must be coupled with the requisite intent.

. 3 William Blackstone, Commentaries *120, describes "assault” as follows:
By assault; which is an attempt or offer to beat another, without touching him: or as if one lifts up his cane, or his fist, in a threatening manner at another; or strikes at him but misses him; this is an assault, insultus, which Finch describes to be an "unlawful setting upon one’s person.” This also is an inchoate violence, amounting considerably higher than bare threats; and therefore, though no actual suffering is proved, yet the party injured may have redress by action of trespass vi et armis; wherein he shall recover damages as a compensation for the injury.