## Richmond.

### BERKELEY V. COMMONWEALTH.

#### April 7th, 1892.

CRIMINAL PROCEEDINGS—*Assault—Case at bar.*—At trial of indictment for assault it was in evidence that defendant approached prosecutor with menaces and gesticulations, but did not strike nor attempt to strike him;

HELD:
> Insufficient to warrant conviction.

Error to judgment of circuit court of Charlotte county, rendered October 4th, 1890, affirming judgment of county court of said county in accordance with the verdict of the jury at the trial of an indictment against the plaintiff in error, William M. Berkeley, for an assault on one R. C. Price, whereby he was found guilty and fined thirty-five dollars. Opinion states the case.

*William C. Franklin*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

HINTON, J., delivered the opinion of the court.

The judgment appealed from is manifestly unsupported by the evidence. The defendant was prosecuted for an assault.

" An assault," says Mr. Davis, " is an *attempt or offer*, with force and violence, to do some bodily hurt to another, whether

from wantonness or malice, by means calculated to produce the end if carried into execution—as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, * * * * or any similar act accompanied with circumstances denoting an intention, coupled with a present ability, of using actual violence against the person of another." Davis' Cr. L., pp. 353–4. And Mr. Russell, speaking upon the same point, at page 563 of the first volume of his book on Crimes, says: "Although to constitute an assault there must be present ability to inflict an injury, yet, if a man is advancing in a threatening attitude to strike another, so that the blow would almost immediately reach him if he were not stopped, this has been held an assault." And to the same effect are all the authorities.

In this case the evidence shows, indeed, that the defendant was approaching the prosecutor, and gesticulating; but the evidence is equally clear that he was not approaching him for the purpose of offering violence to him; for the testimony of the prosecutor, with whom the other witnesses agree, is express that the defendant " did not strike," and did " not attempt to strike," him. It follows, therefore, that the charge is not made out by the evidence. The judgment of the circuit court is therefore erroneous, and must be reversed, and the prosecution dismissed.

JUDGMENT REVERSED.