## State of Vermont v. James Riley

[442 A.2d 1297]

No. 122-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

*David G. Miller,* Franklin County State's Attorney, and *Marianne Lipscombe,* Deputy State's Attorney (On the Brief), St. Albans, for Plaintiff.

*Nicholas L. Hadden* of *John Kissane Associates,* St. Albans, for Defendant.

**Barney, C.J.** The defendant was found guilty after trial by jury on charges of attempting by physical menace to put another in fear of serious bodily injury under Vermont's simple assault statute, 13 V.S.A. § 1023(a)(3). The charge grew out of a confrontation between the defendant and a state trooper on an isolated stretch of I-89 near St. Albans in the early morning hours of October 20, 1979.

The defendant had stopped his car in the breakdown lane of the highway and was seated in the driver's seat with the interior car light on when the officer pulled up behind him and approached his vehicle. When questioned, the defendant stated that he had something like a cramp in his leg, which he was massaging at the time.

During a routine check of the car from the outside, the trooper noticed a handgun on the seat beside the defendant, its barrel pointed toward the passenger door. Opening the door on the defendant's side of the vehicle, the trooper asked the defendant to put both hands on the steering wheel, which

the defendant did, and then to get out of the car, which he refused to do.

The trooper then ordered the defendant out of the car, and as he did so the defendant dropped his hand from the steering wheel and reached toward the gun. At this point the trooper drew his own weapon and told the defendant to "hold it right there." The defendant replied "everything is cool, don't shoot," and brushed the gun along the seat until he could place it on the floor in front of the passenger's place. He then got out of the car.

At trial the trooper testified that he had been frightened by the defendant's conduct, and had feared for his life. He said that there was a point at which he could not see the defendant's hand because it was down in front of the seat, and he "knew the gun was with the hand" and "didn't know what the story was."

The defendant claims on appeal that the State failed to prove all the elements of the crime. He maintains that the evidence did not meet our standard for crimes of attempt, as set out in *State* v. *Boutin,* 133 Vt. 531, 346 A.2d 531 (1975). He claims first, that because the handgun lacked a firing pin it could not put the trooper in actual danger, and second, that because the evidence showed no sudden or threatening moves by the defendant, the requisite criminal intent was never established. The defendant also claims that the court's instruction to the jury on the issue of intent was improper in that it unduly emphasized the weight to be accorded the trooper's perception of what occurred.

 With regard to the capacity of the handgun to fire, this Court in *State* v. *Deso,* 110 Vt. 1, 6–8, 1 A.2d 710, 713 (1938), rejected the notion that present ability to inflict injury upon the person assailed was a prerequisite to a finding of simple assault. In that case we adopted the rule that while there must be some power to do bodily harm, either actual or apparent, apparent power alone would be sufficient. *Id.* Although the statute has been amended since *Deso* was decided, the principle has not changed and we find no reason to depart from it in this case.

 Vermont's simple assault statute is patterned after the simple assault provision written into the Model Penal Code

at § 211.1. (Official Draft and Revised Commentary, 1980).
The Comment to that provision explains that the language
under which the defendant in this case was charged, 13 V.S.A.
§ 1023(a)(3), was intended to incorporate into the criminal
law the civil notion of assault, that an action may be main-
tained against a person who places another in fear of bodily
injury, even if the alleged assailant acts without purpose to
carry out the threat. *Id.* at 177. The rationale for including
this tort aspect within the definition of assault is that a threat
of an immediate battery resulting in apprehension, even when
intended only as a bluff, is so likely to result in a breach of
the peace that it should be a punishable offense. Perkins, *An
Analysis of Assault and Attempts to Assault,* 47 Minn. L.
Rev. 71, 75 (1962).

The question of whether or not the defendant's ac-
tions in this instance amounted to a simple assault was prop-
erly a question for the jury. Its resolution depended upon all
the surrounding circumstances, including the words spoken,
the appearance and demeanor of the parties, and their con-
duct in light of the setting and circumstances. *United States
v. Sciolino,* 505 F.2d 586 (2d Cir. 1974). The jury had before
it the two participants in the drama, both of whom testified.
It was in the best position to determine the issue.

The defendant testified that he slid the gun across the
seat of the car and eased it to the floor in an effort to eliminate
any possibility that the officer would see it and become so ex-
cited that he would shoot the defendant out of fear. The troop-
er testified that the defendant's actions and his handling of
the gun were such that they caused him to feel threatened and
to fear for his life. Where contradictory evidence is intro-
duced at trial it is the exclusive province of the jury, as find-
ers of fact, to resolve the contradictions and decide who to
believe. *State v. Blakeney,* 137 Vt. 495, 500–01, 408 A.2d 636,
640 (1979).

The court instructed the jury that in determining
whether or not the defendant intended to place the trooper
in fear they should consider both the bare actions of the de-
fendant and how those actions were perceived by the officer.
This was a correct statement of the law. Criminal intent is

not the secret intent of the defendant, but that intent which can be determined from his conduct and all the other circumstances which surround it. *State* v. *Godfrey*, 131 Vt. 629, 630, 313 A.2d 390, 391 (1973).

*Judgment affirmed.*