585 S.E.2d 848

Michael Anthony CARTER,

v.

COMMONWEALTH of Virginia.

Record No. 2563–02–2.

Court of Appeals of Virginia,
Richmond.

Sept. 9, 2003.

Rhonda Quagliana (St. John, Bowling & Lawrence, LLP, on briefs), Charlottesville, for appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W. Kilgore, Attorney General, on brief), for appellee.

Present: BENTON, CLEMENTS, JJ., and WILLIS, Senior Judge.

WILLIS, Judge.

On appeal from his conviction of assault on a police officer, Michael Anthony Carter contends that the evidence was insufficient to support his conviction. He argues that he committed no overt act or attempt to injure the officer and that the

evidence proved no unequivocal appearance of an attempt because he had no present ability to inflict actual violence upon the officer. Finding no error, we affirm the judgment of the trial court.

■ "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.' " *Archer v. Commonwealth*, 26 Va.App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). So viewed, the evidence disclosed that Officer Brian O'Donnell, wearing his uniform, displaying his badge, and operating a marked police vehicle while patrolling in a high crime and drug area, noticed a speeding vehicle and conducted a traffic stop. Carter was the front seat passenger in the stopped vehicle. As O'Donnell asked the driver of the vehicle for his driver's license and registration, he shined his flashlight into the vehicle to check for visible weapons or drug paraphernalia. The driver responded to O'Donnell's requests in a hostile tone of voice. O'Donnell noticed that Carter had his right hand beside his right leg. As O'Donnell spoke to the driver, Carter suddenly raised his arm and arced it across his body. He pointed his finger at O'Donnell and said, "Pow." O'Donnell was terrified and began to move backwards. He testified,

> I believed it to be a firearm. I believed he had a weapon and was going to shoot me at that point, until he said, 'Pow,' and then I realized that it was only his finger.... The first thing I thought was that I was going to get shot. I—it's a terrifying experience, and if I could have gotten my weapon, I would have shot him.

Seeing that O'Donnell was visibly shaken, Carter laughed.

Later, when Officer S.J. Upman served a warrant on him, Carter said he had played a joke on an officer by "going 'Pow' " and asked if this was an assault.

Robert Carter, the driver of the vehicle, testified that he had been the driver of the vehicle and that Carter did not point his finger at O'Donnell or say "Pow."

■ Assault is defined at common law as:

[A]n attempt or offer, with force and violence, to do some bodily harm to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an intention coupled with a present ability, of using actual violence against the person of another.

*Bennett v. Commonwealth,* 35 Va.App. 442, 449, 546 S.E.2d 209, 212 (2001) (citations omitted). "In order to constitute an assault there must be an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another." *Merritt v. Commonwealth,* 164 Va. 653, 658–59, 180 S.E. 395, 398 (1935) (citation omitted). Under *Bennett,* a wanton or malicious act accompanied by circumstances denoting both an intention and the present ability to inflict actual violence upon another constitutes an assault.

■ The trial court, as fact finder, believed the Commonwealth's evidence, and rejected Carter's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth,* 20 Va.App. 133, 138, 455 S.E.2d 730, 732 (1995). Carter's conduct, as described by O'Donnell, and O'Donnell's reasonable perception of the situation support the trial court's finding that Carter's conduct was a wanton or malicious act and constituted an assault. His conduct presented the unequivocal appearance of an attempt, with force and violence, to do physical injury to O'Donnell. Although he did not possess a gun and had no actual ability to harm the officer with a gun, his conduct reasonably and unequivocally denoted an intention and the present ability to harm the officer. This evidence was competent and was not inherently incredible.

We affirm the judgment of the trial court.

*Affirmed.*

BENTON, J., dissenting.

"[I]n the early law a criminal assault was an attempt to commit a battery and that only." R. Perkins, *Criminal Law* at 159 (3d ed.1982). Consistent with that view, the common law of assault has long been defined in Virginia as follows:

"An assault is an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an intention coupled *with a present ability,* of using actual violence against the person of another. But no words whatever, be they ever so provoking, can amount to an assault; * * * ". (Italics supplied).

*Harper v. Commonwealth,* 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (citation omitted). *See also Berkeley v. Commonwealth,* 88 Va. 1017, 1017–18, 14 S.E. 916, 916 (1892).

In the present case, the issue concerns whether the pointing of a finger while uttering the word "pow" is an act performed either "by means calculated to produce the end if carried into execution" or "with a present ability of using actual violence," which is an illustrative circumstance contained in the definition of assault. *Harper,* 196 Va. at 733, 85 S.E.2d at 255. The common law definition of "assault" as contained in *Harper* does not encompass this type of intentional conduct, which is intended to be frightening but is performed without a present ability to produce the end if carried out. Because of the limitations of this common law rule, "most modern codes either include physical menacing in the crime of assault or else

create a separate crime of 'menacing' or 'threatening' covering such conduct." 2 LaFave and Scott, *Substantive Criminal Law* § 7.16(b), at 315 n. 27 (1986). When legislatures statutorily define the crime in this manner "[f]or this type of assault, a present ability to inflict injury is clearly unnecessary." *Id.* at 315. *See e.g. Williamson v. United States*, 445 A.2d 975, 978 (D.C.App.1982) (holding that by statute an assault is established by proving "a menacing threat, which may or may not be accomplished by a specific intent to injure"); *Barrios v. State*, 118 Md.App. 384, 702 A.2d 961, 970 (1997) (noting that by statute Maryland provides for alternative forms of assault, one of which is "an assault of the intentional frightening variety ... [that only] required in terms of perception ... an apparent present ability from the viewpoint of the threatened victim"); *State v. Riley*, 141 Vt. 29, 442 A.2d 1297, 1298 (1982) (noting that Vermont's assault statute, which is patterned on the Model Penal Code, permits prosecution "against a person who places another in fear of bodily injury, even if the alleged assailant acts without purpose to carry out the threat").

I, therefore, disagree with the majority opinion's holding that although Carter "had no actual ability to harm the officer with a gun, his conduct ... denoted an intention and the present ability to harm the officer." I would hold that Carter committed an "act accompanied with circumstances denoting an intention" to menace but it was not "coupled with a present ability of using actual violence" or "calculated to produce the end if carried into execution." *Harper*, 196 Va. at 733, 85 S.E.2d at 255. *See e.g. People v. Marceaux*, 3 Cal.App.3d 613, 83 Cal.Rptr. 798, 803 (1970) (holding that "an assault conviction cannot be predicted upon an intent only to frighten"); *People v. Vaiza*, 244 Cal.App.2d 121, 52 Cal.Rptr. 733, 735 (1966) (holding that "[i]f a person threatens to shoot another with ... a chocolate candy pistol, there is no ability to commit ... any injury with it on the person of another"); *Johnson v. State*, 158 Ga.App. 432, 280 S.E.2d 856, 857 (1981) (holding that the evidence failed to establish "the present ability to inflict a violent injury" where the evidence proved the accused shook his finger while making a threat at persons in a car);

*Bacon v. Bacon,* 567 N.W.2d 414, 418 (Iowa 1997) (holding that "[t]he offender must have the apparent ability to execute the act constituting the assault").

Because Virginia continues to be guided by the common law rule concerning assault, I would hold that the conviction is not supported because the evidence failed to prove Carter acted "by means calculated to produce the end if carried into execution." *Harper,* 196 Va. at 733, 85 S.E.2d at 255.