Present:  All the Justices

MICHAEL ANTHONY CARTER

v.  Record No. 040939    OPINION BY JUSTICE ELIZABETH B. LACY
                                    January 14, 2005
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Michael Anthony Carter was convicted of assault on a police officer in violation of Code § 18.2-57(C).  In this appeal, he challenges his conviction, asserting that an assault requires the present ability to inflict bodily injury and that no such ability existed in this case.  We will affirm Carter's conviction because the applicable definition of assault does not require that an assailant have the actual ability to inflict bodily harm.

**Facts**

The facts are not in dispute.  On December 29, 1998 at approximately 11:00 p.m. in an area of frequent drug activity in the City of Charlottesville, Officer Brian N. O'Donnell made a routine traffic stop of a car for speeding.  Once the car was stopped, Officer O'Donnell saw two individuals in the car.  He approached the driver's side of the vehicle with his weapon holstered but "unsnapped."  He noticed that the passenger in the vehicle, Carter, had "his right hand down by his right leg."  As Officer O'Donnell talked with the driver, Carter made a sudden movement with his right arm arcing it "up

and across his body."  Carter's hand was in a fist with his index finger pointing out and his thumb pointing up in the shape of a gun.  Officer O'Donnell backed away from the vehicle because he believed Carter had a weapon and was going to shoot him until Carter said, "Pow."  At that point, Officer O'Donnell realized "it was only his finger."  Officer O'Donnell testified that he was terrified and that if he could have gotten to his weapon he would have shot Carter.

Because Officer O'Donnell did not know if he could charge Carter with any crime, he did not arrest Carter.  A few days later, he obtained a warrant for Carter's arrest for assaulting a police officer.

## Proceedings

Carter was indicted for assaulting a police officer in violation of Code § 18.2-57(C).  Following a bench trial, the trial court found Carter guilty of the charge and sentenced him to three years in prison.  A divided panel of the Court of Appeals affirmed the conviction.  Carter v. Commonwealth, 41 Va. App. 448, 452, 585 S.E.2d 848, 851 (2003).  Carter was granted a rehearing en banc.  The Court of Appeals, sitting en banc, affirmed the conviction.  Carter v. Commonwealth, 42 Va. App. 681, 696, 594 S.E.2d. 284, 292 (2004) (en banc).  Carter timely appealed to this Court.

## Discussion

2

The issue in this case is whether the present ability to inflict bodily harm is an element of assault for purposes of Code § 18.2-57(C). Because the statute does not define assault, we look to the common law definition of the term. At common law, assault was both a crime and a tort. The common law crime of assault required an attempt or offer committed with an intent to inflict bodily harm coupled with the present ability to inflict such harm. Hardy v. Commonwealth, 58 Va. (17 Gratt.) 592, 600-01 (1867). The common law tort of assault could be completed if the tortfeasor engaged in actions intended to place the victim in fear of bodily harm and created a well-founded fear in the victim. Koffman v. Garnett, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003). Over the years, many jurisdictions have merged the common law crime and tort of assault so that today, a common law assault occurs when either set of elements is proved. See Wayne R. LaFave, Criminal Law § 16.3, at 823 (4th ed. 2003); Model Penal Code § 211.1 cmt. (1)(b), at 177-78 (1980); Rollin M. Perkins, An Analysis of Assault and Attempts to Assault, 47 Minn. L.Rev. 71, 74 (1962).

As the parties agree, this Court has not directly addressed the merger of the crime and tort of common law assault. Based on a review of our prior cases, we conclude that, like the majority of jurisdictions, our prior cases

compel the conclusion that a common law assault, whether a crime or tort, occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

In one of the earliest cases considering the crime of assault, Berkeley v. Commonwealth, 88 Va. 1017, 14 S.E. 916 (1892), the Court was not called upon to determine the elements of the crime, but in the course of the opinion recited a definition of assault that included the present ability to inflict injury.  Id. at 1017-18, 14 S.E. at 916. The Berkeley definition of assault, particularly the requirement of a present ability to inflict harm, was clarified in Lynch v. Commonwealth, 131 Va. 769, 109 S.E. 418 (1921).  In that case, a prosecution for offering "ardent spirits" for sale, the defendant sought to use the definition of assault recited in Berkeley for the proposition that, like an assault's dual requirement of an attempt to do bodily harm and the present ability to inflict such harm, an attempt or offer to sell "ardent spirits" also requires the present ability to complete the sale.  Lynch, 131 Va. at 774-75, 109 S.E. at 420.  The Court rejected the defendant's argument and

4

stated that Berkeley did not hold that an attempt in all cases must "be accompanied with the present ability" to accomplish the thing attempted.  Id. at 775, 109 S.E. at 420.

In explaining its interpretation of Berkeley, the Court cited the example that one would be guilty of assault if he "menacingly points at another with a gun, apparently loaded, yet not in fact" because a well-founded apprehension was created.  Id. at 774, 109 S.E. at 420.  The Court then proceeded to recite the "correct rule" of assault:

> 'There must be some power, actual or apparent, of doing bodily harm; but apparent power is sufficient.  In the instance we are referring to, the person assaulted is really put in fear . . . . It has been said that the gun must be within shooting distance; but plainly if it is not, yet seems to be so to the person assaulted, or danger otherwise appears imminent, it will be sufficient.'

Id. (quoting 2 Joel Prentiss Bishop, New Commentaries on the Criminal Law § 32.2, at 19-20 (8th ed. 1892) (Bishop)).

This rule was again cited as the "correct doctrine" in Burgess v. Commonwealth, 136 Va. 697, 708, 118 S.E. 273, 276 (1923).  In Burgess, the Court affirmed the defendant's conviction of assault on a police officer for shooting a pistol in the officer's direction, even though the jury instruction did not require that the defendant have an intent to strike the victim.  Id. at 705, 708, 118 S.E. at 275-76. In resolving the case, the Court discussed the "irreconcilable

5

conflict in the authorities" regarding the assailant's intent to do bodily harm, placing the victim in actual peril, and putting the victim in well founded fear or apprehension of harm.  Id. at 706-07, 118 S.E. at 275.  After reviewing the conflicts, the Court adopted this principle:

> '. . . There is no need for the assailed party to be put in actual peril, if only a well founded apprehension is created.  For this suffering is the same in the one case as in the other, and the breach of the public peace is the same.'

Id. at 708, 118 S.E. at 276 (emphasis added) (quoting 2 Bishop § 32.1, at 19).

The elements of common law assault as described in these cases reflect the adoption of the principle that the actual present ability to harm was not a prerequisite for conviction. Apparent ability or, put another way, well-founded fear or apprehension of harm, combined with an intent to instill that fear, was sufficient to support a conviction for common law assault.  That understanding reflected the general trend of combining the elements of common law criminal assault and common law tort assault to form the definition of common law assault.

Carter suggests that the statements in Lynch and Burgess are not persuasive because the present ability to inflict harm was not the specific question before the Court when these statements of the law were recited and because definitions of

6

assault contained in subsequent opinions by this Court continue to include the present ability to inflict harm as an element of assault. We disagree with Carter.

Carter can take no solace in the proposition that neither Burgess nor Lynch involved the specific question posed in this case. None of the cases cited by Carter in support of his position – Zimmerman v. Commonwealth, 266 Va. 384, 585 S.E.2d 538 (2003), Harper v. Commonwealth, 196 Va. 723, 85 S.E.2d 249 (1955), and Merritt v. Commonwealth, 164 Va. 653, 180 S.E. 395 (1935) – involved the specific issue presented here either.

In Merritt, the issue was whether an indictment reciting that the defendant pointed a loaded pistol at a victim within "carrying distance" of the pistol was sufficient to charge and support a conviction for attempted murder. 164 Va. at 655-56, 180 S.E. at 396. The Court concluded that the acts alleged did not support a specific intent to kill or an inference of such intent. Id. at 658, 180 S.E. at 397. The Court noted that the acts alleged supported an assault and recited a definition of assault in that context. Id. at 658-59, 180 S.E. at 397-98. That definition included the present ability to inflict the bodily harm threatened, but the definition was not part of, or necessary to, the Court's holding. Id. Similarly in Harper, the definition of assault was not critical to the issue before the Court. The Court referred to

7

a definition of assault in the context of a challenge to a jury instruction on self-defense. Harper, 196 Va. at 732-33, 85 S.E.2d at 255.

Finally, the issues in Zimmerman, like the issue in Burgess, involved the intent of the assailant. Zimmerman, 266 Va. at 387, 585 S.E.2d at 539-40; Burgess, 136 Va. at 705-06, 118 S.E. at 275. In both cases, the assailant had the present ability to harm the victim and thus that factor was not the focus of the inquiry. Zimmerman, 266 Va. at 388, 585 S.E.2d at 540; Burgess, 136 Va. at 705-06, 118 S.E. at 275.

Definitions of assault have been used by this Court in various settings for various purposes. But only Burgess engaged in a discussion of the elements that constituted the common law crime and tort of assault for purpose of criminal prosecution. See Burgess, 136 Va. at 706-07, 118 S.E. at 275-76. After considering the competing arguments, the Court in Burgess adopted a definition of assault that was not restricted to the common law crime of assault. See id. at 708, 118 S.E. at 276. The subsequent cases cited by Carter with specific fact situations unrelated to the issue here did not eliminate the Burgess analysis simply by reciting a limited definition of assault when such definition was consistent with the facts in a particular case. The definition in Burgess remains valid. That definition does not

8

require the present ability to inflict harm when, as here, an assailant acts in a manner intended to put the victim in reasonable fear or apprehension and causes the victim such reasonable fear or apprehension.

The definition of assault used by the trial court in this case is consistent with the elements of assault we have just discussed.  Carter has not challenged the trial court's conclusion that when Carter made the arcing motion with his arm and pointed his fist and finger, Officer O'Donnell's fear of bodily harm was reasonable.  Accordingly, we will affirm the judgment of the Court of Appeals affirming Carter's assault conviction.

<u>Affirmed</u>.