COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ROBERT IAN TRAINER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1170-04-4                      JUDGE JAMES W. BENTON, JR.
                                                            MAY 31, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Stanley P. Klein, Judge

            Laura E. Byrum, Assistant Public Defender (Office of the Public
            Defender, on briefs), for appellant.

            Stephen R. McCullough, Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        The sole issue on appeal is whether the evidence was sufficient to prove assault.  We hold

that it was and affirm the conviction.

                                            I.

        Jeannie E. Colleton was driving her two children, ages eight and two, to a daycare center,

when her attention was drawn to a car that swerved into her lane.  The car, driven by Robert Ian

Trainer, was traveling in the same direction as Colleton's car, and it was in front of her in the left

lane.  The rear of his car was about one foot in front of Colleton's car when it swerved into her lane.

Colleton noticed that Trainer was looking back at her car.  As the two cars continued along the

roadway, Trainer's car lagged behind her and began abruptly changing lanes.  Colleton testified that

she began to become "concerned and . . . curious as to why [he] was so concerned with [her]."

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

When Colleton reached the traffic light at an intersection, Trainer drove next to her car. Colleton looked at Trainer and detected through her partially opened window that he was speaking. Colleton testified that Trainer's passenger door was three feet from her door and that Trainer was leaning toward her with his hands resting on his passenger seat as he spoke. She testified that the following occurred:

> So I rolled the window down and I looked over. . . . [H]e said, "that's dirty." And I'm, "Okay." And he said it two or three times. He said, "You have nigger kids in the car. You're a nigger loving whore with nigger kids in the car." And I said, "Okay. I'm sorry that you feel that way." And he just went on about how dirty I was, and the nigger kids in the car, and I'm a nigger lover. . . . [T]here was a gentleman turning left, and I'm trying to look around me, because, I mean, I was nervous. And there's this guy screaming at me. . . .
>
> *   *   *   *   *   *   *
>
> He was, you know, his verbal content was . . . he was being aggressive. So when I looked over I saw a gentleman pulling, you know the light was turning, the left turning lane was turning red. And I said, "Look, if you have a problem, why don't you talk to their father about it?" And he leans forward, and he says, "Look, bitch, I just got out of prison for killing niggers, and I'll kill those niggers with my bare hands."

Colleton testified that Trainer's voice was loud and that she "was in fear." She also testified that her eight-year-old daughter reacted to Trainer's remarks. Colleton then closed her window.

When the light changed, Trainer drove slowly through the intersection. Colleton then noted his license number, and she accelerated. Trainer continued to follow her. Colleton testified she "pulled over . . . because [Trainer] was still behind [her]" and she did not want him to follow her to the daycare center. When Colleton stopped at the side of the road, Trainer drove past "while looking at [her] just shaking his head." Colleton testified that the distance between the point where she stopped and the place Trainer first swerved into her lane was three to four miles.

At the conclusion of the evidence, the trial judge convicted Trainer of the misdemeanor of assault.  Code § 18.2-57.

II.

Trainer contends the evidence was insufficient to support the conviction because (i) he "did not commit an overt act or attempt," (ii) he "lacked the present ability, apparent or otherwise, to effectuate a battery," and (iii) Colleton "did not possess a reasonable apprehension of imminent bodily harm."  Relying on Carter v. Commonwealth, 269 Va. 44, 606 S.E.2d 839 (2005), the Commonwealth responds that Trainer's conduct satisfied the elements of assault.  We agree with the Commonwealth's understanding of the necessary elements.

In Carter, the Supreme Court reviewed the history of its decisions concerning assault and held as follows:

> Based on a review of our prior cases, we conclude that, like the majority of jurisdictions, our prior cases compel the conclusion that a common law assault, whether a crime or tort, occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

269 Va. at 47, 606 S.E.2d at 841.  The Court further noted that its early decisions eliminated the need to establish present ability to harm:

> The elements of common law assault as described in these cases reflect the adoption of the principle that the actual present ability to harm was not a prerequisite for conviction.  Apparent ability or, put another way, well-founded fear or apprehension of harm, combined with an intent to instill that fear, was sufficient to support a conviction for common law assault.  The understanding reflected the general trend of combining the elements of common law criminal assault and common law tort assault to form the definition of common law assault.

Id. at 48, 606 S.E.2d at 842.

- 3 -

Applying these principles to this case, we conclude that the trial judge's findings completely address the elements of the offense. The trial judge found that the evidence proved "a situation of words plus some degree of conduct," which was sufficient "to prove beyond a reasonable doubt that [Trainer] intended to produce a fear of an imminent assault." The judge found that Colleton believed Trainer "was stalking her . . . with his car," that the evidence proved Trainer was "stalking [her] by car," and that "what [Trainer said] is not only offensive, but it is absolutely threatening." The judge also found that Trainer "intended to put . . . fear . . . into . . . Colleton and that he was successful in doing it."

These findings are supported by Colleton's testimony. Her testimony was sufficient to prove Trainer drove his car in a manner that would cause a reasonable person to believe he intended to cause harm. Trainer's driving conduct when combined with his verbal threats were more than sufficient to prove beyond a reasonable doubt he intended to instill fear. Indeed, Colleton testified that Trainer's conduct had the intended effect of causing her to fear harm from him.

Discussing its decision in Burgess v. Commonwealth, 136 Va. 697, 708, 118 S.E. 273, 276 (1923), the Supreme Court held in Carter that the definition of assault "does not require the present ability to inflict harm when, as here, an assailant acts in a manner intended to put the victim in reasonable fear or apprehension and causes the victim such reasonable fear or apprehension." Carter, 269 Va. at 49, 606 S.E.2d at 842. As LaFave explains, assault can also be committed "when one, with the intent to cause a reasonable apprehension of immediate bodily harm (though not to inflict such harm), does some act which causes such apprehension. For this type of assault, a present ability to inflict is clearly unnecessary." Wayne R. LaFave, Criminal Law § 16.3(b), at 825 (4th ed. 2003) (footnotes omitted). This type of criminal assault "needs, in addition to (1) the intent-to-scare element and (2) the apprehension result element, (3) the further

- 4 -

requirement of some conduct by the defendant, conduct of the sort to arouse a reasonable apprehension of bodily harm." Id. at 826.

The record supports the trial judge's findings that Trainer engaged in conduct, not just verbal events, that Trainer intended to cause fear and that Colleton reasonably feared harm from Trainer's conduct. We hold, therefore, the evidence was sufficient to prove beyond a reasonable doubt the elements of assault. Accordingly, we affirm the conviction.

Affirmed.