**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2496
_____

UNITED STATES OF AMERICA

v.

GENARO VINCENCIO-MARTINEZ,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1:10-cr-00016-SJM-1)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 20, 2010)
_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, *Circuit Judge*.

Genaro Vincencio-Martinez ("Vincencio-Martinez") pleaded guilty in the United

States District Court for the Western District of Pennsylvania to violating 8 U.S.C. §

1326, illegal reentry after removal. The District Court enhanced Vincencio-Martinez's

sentence by eight levels pursuant to U.S.S.G. § 2L1.2 because it found that Vincencio-

Martinez's prior guilty plea to "assault and battery" in violation of Virginia Code § 18.2-57 constituted a crime of violence as defined in 18 U.S.C. § 16(a). Vincencio-Martinez challenges the applicability of the enhancement. We will affirm.

## I.

Defendant-Appellant Vincencio-Martinez was charged in a one-count indictment with illegally reentering the United States after removal in violation of 8 U.S.C. § 1326. On April 22, 2010, Vincencio-Martinez pleaded guilty.

At the May 24, 2010 sentencing hearing, the government sought an enhancement under U.S.S.G. § 2L1.2(b)(1)(C)[1] on the basis that Vincencio-Martinez had previously committed an "aggravated felony." The prior conviction, which the government alleged constituted an aggravated felony, occurred on May 23, 2004, when Vincencio-Martinez was charged in the Shenandoah General District Court with the offense of "Aggravated Malicious Wounding" in violation of Virginia Code § 18.2-51.2.[2] When Vincencio-

---

[1] United States Sentencing Guideline § 2L1.2 is entitled "Unlawfully Entering or Remaining in the United States." Subsection (b)(1)(C) provides, in relevant part:
> . . .
> (b) Specific Offense Characteristic
> (1) Apply the Greatest:
> If the defendant previously was deported, or unlawfully remained in the United States, after –
> . . .
> (C) a conviction for an aggravated felony, increase by **8** levels;

[2] VA. CODE ANN. § 18.2-51.2 (2010) provides, in relevant part:
> Aggravated malicious wounding; penalty
> A. If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby

Martinez appeared in court on July 27, 2004, the Commonwealth of Virginia reduced the charge to "Assault and Battery" in violation of Virginia Code § 18.2-57. Vincencio-Martinez pleaded guilty to this misdemeanor offense.[3]

At the sentencing hearing on the illegal reentry charge, the parties disagreed as to whether Vincencio-Martinez's previous misdemeanor conviction under Virginia Code § 18.2-57 for "assault and battery" was an "aggravated felony" as that term is used in § 2L1.2 of the Sentencing Guidelines. The Sentencing Guidelines refer to the term "aggravated felony" as defined by the Immigration and Nationality Act § 101(a)(43), codified at 8 U.S.C. § 1101(a)(43). U.S. Sentencing Guidelines Manual § 2L1.2, Application Note 3. Referring to 8 U.S.C. § 1101(a)(43) subsection (F), that statute defines an "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) (2010). In turn, 18 U.S.C. § 16 defines the term "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ."[4] 18 U.S.C. § 16(a) (2010).

---

severely injured and is caused to suffer permanent and significant physical impairment.

[3] General District Courts in Virginia are courts "not of record" and, in criminal cases, can accept guilty pleas only to misdemeanors. *See* VA. CODE ANN. § 16.1-123.1 (2010).

[4] The parties agree that 18 U.S.C. § 16(b) is not applicable because it refers to felony offenses, and it is undisputed that Vincencio-Martinez pleaded guilty to a misdemeanor.

The District Court found that an "assault and battery" conviction under Virginia Code § 18.2-57(A) was a "crime of violence" under 18 U.S.C. § 16(a) and hence an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(C). Therefore, the District Court enhanced Vincencio-Martinez's sentence by eight levels. Without the enhancement, Vincencio-Martinez's Sentencing Guidelines Range would have been one month to seven months. With the 8-level enhancement, Vincencio-Martinez's offense level jumped to 15 and, with a Criminal History Category of Two, the resulting range was 15 to 21 months. The District Court sentenced Vincencio-Martinez to 15 months of imprisonment and two years of supervised release.

On May 25, 2010, Vincencio-Martinez timely filed this appeal challenging his sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and (b). "We exercise plenary review over the legal question whether a particular crime constitutes a crime of violence." *United States v. Johnson*, 587 F.3d 203, 207 (3d Cir. 2009); *United States v. Stinson*, 592 F.3d 460, 462 n.1 (3d Cir. 2010).

## III.

### A. Statutory Framework

U.S.S.G. § 2L1.2(b)(1)(C) recommends an eight-level enhancement if the defendant was previously convicted of committing an "aggravated felony." According to application note 3(A) to U.S.S.G. § 2L1.2, an "aggravated felony" has the meaning given

4

to that term in the Immigration and Nationality Act § 101(a)(43).  The only potentially

applicable subsection of INA § 101(a)(43) is subsection (F), which defines an

"aggravated felony" as "a crime of violence (as defined in section 16 of title 18, United

States Code, but not including a purely political offense) for which the term of

imprisonment [is] at least one year."  Finally, 18 U.S.C. § 16 defines a "crime of

violence" as "(a) an offense that has as an element the use, attempted use, or threatened

use of physical force against the person or property of another . . . ."  18 U.S.C. § 16(a).

The issue here is whether a misdemeanor "assault and battery" conviction under

Virginia Code § 18.2-57(A) is a "crime of violence" under 18 U.S.C. § 16(a), meaning

that it is "an offense that has as an element the use, attempted use, or threatened use of

physical force against the person or property of another."  We can find no relevant federal

statute that defines "physical force" as that term is used in 18 U.S.C. § 16(a).  Vincencio-

Martinez pleaded guilty to Virginia Code § 18.2-57(A), which provides:

> A. Any person who commits a simple assault or assault and battery shall be
> guilty of a Class 1 misdemeanor, and if the person intentionally selects the
> person against whom a simple assault is committed because of his race,
> religious conviction, color or national origin, the penalty upon conviction
> shall include a term of confinement of at least six months, 30 days of which
> shall be a mandatory minimum term of confinement.

VA. CODE. ANN. § 18.2-57(A) (2010).

The meaning of "physical force" in 18 U.S.C. § 16(a) is a question of federal

rather than state law, and "in answering that question [of federal law] we are not bound

by a state court's interpretation of a similar – or even identical – statute."  *Johnson v.*

*United States*, 130 S. Ct. 1265, 1269-70 (2010).  However, we *are* bound by the Virginia

5

judiciary's interpretation of Virginia state law, including its determination of the elements of Virginia Code § 18.2-57(A). *Id*.

To determine whether a conviction under Virginia Code § 18.2-57(A) is a "crime of violence," we presumptively use a categorical approach. *See Taylor v. United States*, 495 U.S. 575, 600-02 (1990). Under the categorical approach, we must first discern the elements of Virginia Code § 18.2-57(A) and then determine if the Virginia crime is a "crime of violence" as defined in 18 U.S.C. 16(a). *See James v. United States*, 550 U.S. 192, 202 (2007).[5]

## B. Elements of Virginia Code § 18.2-57(A)

We begin by defining the elements of Virginia Code § 18.2-57(A), which criminalizes the offense of "assault and battery."[6] The elements of this crime are not statutorily defined, so we look to Virginia common law. *See Clark v. Commonwealth*, 279 Va. 636, 641, 691 S.E.2d 786, 788 (Va. 2010). According to the Virginia Supreme Court, a common law "assault" is an "attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an

---

[5] As we will explain, we need not resort to the "modified categorical approach." *See Evanson v. Att'y Gen.*, 550 F.3d 284, 291 (3d Cir. 2008) (applying modified categorical approach to "disjunctive statute of conviction"). Here, the elements of conviction for "assault and battery" under Virginia Code § 18.2-57(A) are clear, and the statute does not appear to be divisible in any "relevant way." *Singh v. Ashcroft*, 383 F.3d 144, 163 (2004).

[6] Virginia Code § 18.2-57(A) also criminalizes the offense of "simple assault," but the parties agree that Vincencio-Martinez pleaded guilty to "assault and battery."

intention, coupled with a present ability, to use actual violence against another person."

*Montague v. Commonwealth*, 278 Va. 532, 541, 684 S.E.2d 583, 588 (Va. 2009).  A

"battery" is "the actual infliction of corporal hurt on another that is done willfully or in

anger."  *Id.* at 541, 684 S.E.2d at 588.  Although "assault" and "battery" carry separate

definitions, the plain conjunctive text of Virginia Code § 18.2-57(A) links these two

crimes.  *Id.* at 541, 684 S.E.2d at 588-89; *Parish v. Commonwealth*, 56 Va. App. 324,

329, 693 S.E.2d 315, 318 (Va. Ct. App. 2010) ("The crime of assault and the crime of

battery are independent criminal acts, although they are linked in *Code § 18.2-57*.").

Indeed, the Virginia Supreme Court's recent treatment of the statute construed these

elements as linked.  *Montague*, 278 Va. at 541, 684 S.E.2d at 589 ("[T]he evidence was

sufficient to convict [the defendant] . . . of the crime of assault and battery . . . .").

Therefore, a conviction for "assault and battery" under Virginia Code § 18.2-57(A)

necessarily requires satisfaction of the elements of both assault and battery.  *See id.* at

541, 684 S.E.2d at 589.

Vincencio-Martinez disagrees with this reading of Virginia Code § 18.2-57(A),

relying instead on case law defining assault separately from battery.  According to

Vincencio-Martinez, an assault *or* a violent battery *or* a non-violent battery (*i.e.*, an

unwanted touching) would suffice to obtain a conviction under Virginia Code § 18.2-

57(A).  We reject Vincencio-Martinez's argument because it contradicts the plain text of

Virginia Code § 18.2-57(A) and because the cases he cites are no longer controlling in

light of the Virginia Supreme Court's recent decision in *Montague*.[7]

Montague refutes Vincencio-Martinez's argument that a battery alone could

violate Virginia Code § 18.2-57(A).  In *Montague*, the defendant pushed and elbowed a

---

[7]   Vincencio-Martinez first relies on *Clark v. Commonwealth*, 279 Va. 636, 691
S.E.2d 786 (Va. 2010), and *Carter v. Commonwealth*, 269 Va. 44, 606 S.E.2d 839
(Va. 2005), for the proposition that assault alone violates Virginia Code § 18.2-57(A).
However, *Clark* and *Carter* are distinguishable because they deal only with the
assault portion of the code, and not with the "assault and battery" portion.  In *Clark*,
the defendant committed assault by verbally threatening and approaching a school bus
driver.  279 Va. at 639, 691 S.E.2d at 787-88.  In *Carter*, the defendant committed
assault by making his hand into the shape of a gun, pointing his index finger at a
police officer, and saying, "Pow."  269 Va. at 45-46, 606 S.E.2d at 840.  Neither case
involved a "battery" – the "actual infliction of corporal hurt on another."  *Montague*,
278 Va. at 541, 684 S.E.2d at 588.  Moreover, Virginia Code § 18.2-57(A)
criminalizes "simple assault" as well as "assault and battery."  Therefore, it is no
surprise that an assault alone violates this provision.
    Vincencio-Martinez also relies on two outdated Virginia Court of Appeals cases,
*Perkins v. Commonwealth*, 31 Va. App. 326, 523 S.E.2d 512 (Va. Ct. App. 2000), and
*Gnadt v. Commonwealth*, 27 Va. App. 148, 497 S.E.2d 571 (Va. Ct. App. 1946), for
the proposition that a battery alone violates Virginia Code § 18.2-57(A).  *Perkins*
defined "assault and battery" as the "unlawful touching of another."  31 Va. App. at
330, 523 S.E.2d at 513; *Gnadt*, 27 Va. App. at 151, 497 S.E.2d at 888 (same).
However, the *Perkins* and *Gnadt* definition of "assault and battery" conflicts with the
Virginia Supreme Court's very recent statement of the elements of this offense in
*Montague* because they ignore the "intent to harm" element.  *Montague*, 278 Va. at
541, 684 S.E.2d at 588.  We will rely on the Virginia Supreme Court's recent
statement of Virginia state law.
    Finally, Vincencio-Martinez relies on *United States v. White*, 606 F.3d 144, 148-
49 (4th Cir. 2010), a Fourth Circuit case which holds that even a battery committed by
the "least touching of another," *Perkins*, 31 Va. App. at 330, 523 S.E.2d at 513, could
lead to a conviction under Virginia Code § 18.2-57.  *White* does not account for the
Virginia Supreme Court's pronouncement in *Montague* that an "assault and battery"
includes an "intent to harm."  *Montague*, 278 Va. at 541, 684 S.E.2d at 588.  Because
"assault and battery" requires an intent to harm, *White*'s determination that a mere
"offensive touching" is enough to commit an "assault and battery" is not persuasive.
*See White*, 606 F.3d at 155.  In light of our reading of *Montague*, we decline to follow
*White*'s interpretation of Virginia law.

police officer, but argued that the evidence was insufficient to support his conviction for "assault and battery" because it "failed to establish that [the defendant] intended to inflict physical harm on [the police officer]." 278 Va. at 540-41, 684 S.E.2d at 588. The Virginia Supreme Court upheld the conviction because it determined that the defendant "acted with the intent to inflict physical harm." *Id*. at 541, 684 S.E.2d at 589. The required "intent to harm" is an element of assault. *Id*. at 541, 684 S.E.2d at 589; *see Commonwealth v. Vaughn*, 263 Va. 31, 35, 557 S.E.2d 220, 222 (Va. 2002) ("[T]he intent to put another in fear of bodily harm . . . is an assault."). If Virginia Code § 18.2-57 could be violated by a battery *alone*, as Vincencio-Martinez contends, there would have been no need for the Court to inquire as to whether the defendant had the requisite "intent to harm" because pushing and elbowing the officer – a "battery" alone – would have been sufficient to sustain the conviction. *See Montague*, 278 Va. at 540-41, 683 S.E.2d at 589; *Adams v. Commonwealth*, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (Va. 2000) ("One cannot be convicted of assault and battery without an intention to do bodily harm."). *Montague* suggests that *both* assault *and* battery are required to violate the "assault and battery" provision of Virginia Code § 18.2-57(A). Moreover, this reading of *Montague* comports with the plain text of Virginia Code § 18.2-57(A), which criminalizes "assault and battery." Therefore, we reject Vincencio-Martinez's contention that a battery alone violates Virginia Code § 18.2-57(A).

## C. Application of Formal Categorical Approach

Having determined the elements of Virginia Code § 18.2-57(A), we follow the Supreme Court's instruction and apply the formal categorical approach to classify

9

Vincencio-Martinez's prior conviction. *See Taylor*, 495 U.S. at 600-02; *Johnson*, 587 F.3d at 208. Under the formal categorical approach, we compare the elements of conviction of Virginia Code § 18.2-57(A) with the definition of "crime of violence" in 18 U.S.C. § 16(a).

A comparison of these statutory elements indicates that a conviction for the crime of "assault and battery" under Virginia Code § 18.2-57(A) is a "crime of violence" as defined in § 16(a).[8] The definitions of both "assault" and "battery," which together constitute the crime contained in Virginia Code § 18.2-57(A), meet the definition of "crime of violence." "Assault" requires a finding of "intent to harm," which encompasses the "threatened use of physical force against the person or property of another" as defined in § 16(a). *See Singh v. Gonzales*, 432 F.3d 533, 540 (3d Cir. 2006) (holding that a conviction for simple assault under Pennsylvania law is a crime of violence). Likewise, a conviction for "battery" requires "actual infliction of corporal hurt on another" – surely a "crime of violence" within § 16(a)'s definition of "an offense that has as an element the use . . . of physical force against the person or property of another." 18 U.S.C. § 16(a). Under the formal categorical approach, then, a conviction for "assault and battery" under Virginia Code § 18.2-57(A) necessarily is a conviction for a "crime of violence."

---

[8] The parties agree that Vincencio-Martinez pleaded guilty to the "assault and battery" provision of Virginia Code § 18.2-57(A). Even if Vincencio-Martinez had pleaded guilty to the "simple assault" provision of Virginia Code § 18.2-57(A), the enhancement would still be appropriate because "simple assault" is a "crime of violence." *See Singh v. Gonzales*, 432 F.3d 533, 540 (3d Cir. 2006) (holding that a conviction for simple assault under Pennsylvania law is a crime of violence).

Because Vincencio-Martinez's "assault and battery" conviction under Virginia Code § 18.2-57(A) constitutes a "crime of violence," 18 U.S.C. § 16(a), he has committed an "aggravated felony" within the meaning of INA § 101(a)(43), 8 U.S.C. § 1101(a)(43), and thus the eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) was appropriate.

## IV.

We will affirm the District Court's sentence.

11