COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Friedman and Callins
Argued by videoconference


CARSON MITCHELL JONES, S/K/A
  CARSON M. JONES, JR.
                                                    MEMORANDUM OPINION* BY
v.       Record No. 0354-22-2                       JUDGE RANDOLPH A. BEALES
                                                    JANUARY 17, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

Paul C. Galanides for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Carson Mitchell Jones appeals an order of the Circuit Court of Henrico County denying

his motion to set aside his misdemeanor assault conviction.  On appeal, Jones argues that "the

trial court erred by denying the appellant's motion to set aside because convicting the appellant

of assault violates res judicata and the constitutional double jeopardy principle of former

jeopardy."

## I.  BACKGROUND

Tonya Toler and her sister, Katrina Frierson, testified that on the evening of November

26, 2019, they were driving on the interstate going to a restaurant for dinner.  While Toler was

driving, the sisters saw a car quickly pull up behind them and start flashing its headlights on and

off.  Toler testified that the car then pulled beside her and the two people in that car—Carson

Jones and Shawday Bledsoe—rolled down their windows and cursed at the sisters.  Bledsoe, the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

driver of the second vehicle, then cut in front of Toler and quickly slammed on her brakes. After evading a potential collision, Toler took a nearby exit to get off the interstate.

After Toler and Bledsoe both drove their vehicles off the interstate, Bledsoe then stopped her vehicle in front of Toler's vehicle in a turn lane at a traffic light. Bledsoe testified that all four individuals exited their respective vehicles to confront one another while in the turn lane. Frierson testified that she called for law enforcement during this encounter. After everyone went back inside their vehicles, Toler and Frierson testified that they attempted to find a well-lit area to wait for law enforcement to arrive. Toler began driving towards a nearby apartment complex, following behind Bledsoe and Jones.

As Toler was driving towards the apartment complex, Jones jumped out of Bledsoe's vehicle and ran in front of Toler's moving vehicle. Toler avoided hitting Jones as she drove into the apartment complex—which happened to be where Bledsoe and Jones resided. Jones and Bledsoe went inside their apartment while Toler and Frierson were waiting for law enforcement to arrive. While Toler and Frierson were waiting in the apartment complex's parking lot, Jones and Bledsoe ran out of their apartment and approached Toler's vehicle. Toler testified that both Jones and Bledsoe were wielding knives as they quickly approached her vehicle. Frierson testified that although no one was physically harmed, Jones and Bledsoe "threatened to kill us." Law enforcement soon arrived and arrested Bledsoe but were unable to apprehend Jones.

When Jones was eventually arrested, he was charged in general district court with misdemeanor assault and misdemeanor brandishing a machete. The general district court found Jones guilty of assault but acquitted Jones of brandishing a machete. Jones then appealed his assault conviction to circuit court for a trial *de novo*. At his trial *de novo* in circuit court, the parties stipulated that the general district court acquitted Jones of brandishing a machete. The Commonwealth proffered the basis for the ruling, stating that the general district court judge

"ruled specifically that he had a finding that the Commonwealth had not proven its case beyond a reasonable doubt on the length of the machete and that he didn't feel that it had met that element; that we had met that specific element and therefore, he acquitted the Defendant." Jones did not object to the Commonwealth's proffer.

In circuit court, Jones was found guilty of assault based solely on the events which took place at the apartment complex. The circuit court did not base its determination on any of the events taking place prior to the confrontation at the apartment complex. The trial judge reasoned that "when weapons are introduced into the situation, that meets the definition of an assault, placing somebody in a reasonable fear of danger of bodily harm." At trial and at the sentencing hearing, the circuit court noted that Jones "was guilty of the assault." Jones filed a motion to set aside the verdict arguing that principles of double jeopardy and *res judicata* prevented the circuit court from convicting Jones of assault after he was acquitted by the general district court of the brandishing a machete charge. The circuit court denied the motion to set aside the verdict, and Jones now appeals to this Court.

## II. ANALYSIS

### A. No Double Jeopardy Problem

Jones argues that "convicting him for assault would violate the Fifth Amendment protection against Double Jeopardy following his acquittal in the district court for Brandishing a Machete." "Whether there has been a double jeopardy violation presents a question of law requiring a *de novo* review." *Fullwood v. Commonwealth*, 279 Va. 531, 540 (2010).

"The double jeopardy clauses of the United States and the Virginia constitutions (U.S. Const., amend. V, and Va. Const., art. I, § 8, respectively) embody three guarantees. They protect against (1) a second prosecution for the same offense after acquittal, (2) a prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."

- 3 -

*Commonwealth v. Hudgins*, 269 Va. 602, 604-05 (2005). "Two offenses will be considered the same when (1) the two offenses are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is lesser included in the former offense." *Id.* at 605. The Supreme Court of the United States articulated the test for determining whether one offense is a lesser included of another offense in *Blockburger v. United States*, 284 U.S. 299 (1932). *Blockburger* holds "that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304; *see United States v. Dixon*, 509 U.S. 688, 696 (1993) ("[T]he '*Blockburger*' test[ ] inquires whether each offense contains an element not contained in the other[.]"). "[I]n applying this test, the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review." *Blythe v. Commonwealth*, 222 Va. 722, 726 (1981).

Jones argues that assault is a lesser-included offense of brandishing a machete. Code § 18.2-57(A) states that "[a]ny person who commits a simple assault or assault and battery is guilty of a Class 1 misdemeanor." Interpreting Code § 18.2-57(A), the Virginia Supreme Court held that

> a common law assault, whether a crime or tort, occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm *or* engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

*Carter v. Commonwealth*, 269 Va. 44, 47 (2005). Only the latter version of assault applies in this case because the Commonwealth does not argue that Jones "engage[d] in an overt act intended to inflict bodily harm." *See id.* In contrast, in order to support a brandishing a machete conviction, the Commonwealth must prove that the defendant did "point, hold, or brandish a machete or any weapon, with an exposed blade 12 inches or longer, with the intent of

- 4 -

intimidating any person or group of persons and in a manner that reasonably demonstrates that intent." Code § 18.2-282.1.

Reviewing the elements of both offenses in the abstract, it is clear that assault is not a lesser-included offense of brandishing a machete because each offense requires the proof of an element that the other does not require. *Blockburger*, 284 U.S. at 304. A charge of brandishing a machete requires the Commonwealth to prove that the defendant did "point, hold, or brandish a machete or any weapon, with an exposed blade 12 inches or longer"—an element which assault does not require. Code § 18.2-282.1. Assault requires the Commonwealth to prove that the defendant's intentional act "creates such reasonable fear or apprehension in the victim." *Carter*, 269 Va. at 47. However, the Commonwealth does not need to prove that the victim actually apprehended or feared the defendant's act in order to support a conviction of brandishing a machete. Code § 18.2-282.1. Given that both brandishing a machete and assault each have separate elements which the other offense does not have, assault is not a lesser-included offense of brandishing a machete.

Notably, even if assault were a lesser-included offense of brandishing a machete, Jones could still have been tried in circuit court for assault without that trial violating his double jeopardy rights because Jones decided to appeal his assault conviction from general district court to circuit court for a trial *de novo*. *See* Code § 16.1-132. When a defendant chooses to appeal a misdemeanor conviction from general district court, a

> trial on the same charges in the circuit court does not violate
> double jeopardy principles . . . subject only to the limitation that
> conviction in district court for an offense lesser included in the one
> charged constitutes an acquittal of the greater offense, permitting
> trial *de novo* in the circuit court only for the lesser-included
> offense.

*Kenyon v. Commonwealth*, 37 Va. App. 668, 673-74 (2002) (citing *Ledbetter v. Commonwealth*, 18 Va. App. 805, 810-11 (1994); *Buck v. City of Danville*, 213 Va. 387, 388-89 (1972)). The

only offense with which Jones could not be charged in his trial *de novo* in circuit court was brandishing a machete—and he was not so charged there.

Consequently, Jones did not have his double jeopardy rights violated when he was convicted of assault in circuit court despite the fact that the general district court had acquitted him of brandishing a machete.

### B. Issue Preclusion Does Not Apply

Jones also argues that the doctrine of issue preclusion in *res judicata* prevented the circuit court from convicting him of assault. Jones contends that issue preclusion prohibited the Commonwealth from presenting any evidence of Jones's "conduct of approaching with the knife and causing fear in another" because Jones's "acquittal in the district court for Brandishing a Machete was a verdict in his favor on the facts, and thus an acquittal of all the elements of the offense for which he was tried."

"*Res judicata* involves both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017). In his brief and at oral argument, Jones argued that issue preclusion applied in this case. "Issue preclusion, also known as collateral estoppel, precludes 'parties to the first action and their privies' from relitigating 'any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 654 (2019) (quoting *Funny Guy, LLC*, 293 Va. at 142). "Collateral estoppel, as applied in criminal proceedings, becomes applicable only when the defendant's prior acquittal necessarily resolved a *factual issue* that the Commonwealth seeks to litigate again in a subsequent proceeding." *Commonwealth v. Leonard*, 294 Va. 233, 239 (2017). Issue preclusion prevents the Commonwealth from relitigating issues of *ultimate fact* that were essential to a defendant's prior acquittal. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). However, the Virginia Supreme Court has held that issue preclusion does not prevent the Commonwealth from

presenting "subsidiary facts" associated with the prior acquittal. *Rhodes v. Commonwealth*, 223 Va. 743, 749 (1982).

The record shows that Jones was acquitted of brandishing a machete *solely* because the Commonwealth failed to prove the length of the blade. The Commonwealth proffered that the general district court judge "ruled specifically that he had a finding that the Commonwealth had not proven its case beyond a reasonable doubt *on the length of the machete* and that he didn't feel that it had met that element; that we had met *that specific element* and therefore, he acquitted the Defendant." (Emphases added). Jones never objected to this proffer by the Commonwealth.

That proffer clearly specified the ultimate fact upon which the general district court acquitted Jones of brandishing a machete—i.e., that the Commonwealth failed to prove the length of the blade. Assuming without deciding that issue preclusion prevented the Commonwealth from putting on evidence of the length of the blade, the Commonwealth was *not* estopped from putting on evidence of *other* facts related to the charge for which Jones was acquitted. *Rhodes*, 223 Va. at 749. These subsidiary facts include the evidence that Jones ran toward Toler and Frierson while wielding a knife at the apartment complex. The circuit court did not base its decision finding Jones guilty of assault on the length of the blade; it only based Jones's conviction for assault on the fact that Jones wielded a blade. The trial judge reasoned that "when weapons are introduced into the situation, that meets the definition of an assault, placing somebody in a reasonable fear of danger of bodily harm." Therefore, the circuit court did not base its decision that Jones was guilty of assault on the ultimate fact that determined Jones's acquittal of brandishing a machete in the general district court. Instead, it based its decision on properly considered subsidiary facts.

Consequently, it was not error for the circuit court to reject Jones's claim that issue preclusion prevented the Commonwealth from introducing evidence that Jones intentionally wielded a knife and created reasonable fear in the minds of Toler and Frierson.

## III. CONCLUSION

In short, assault is not a lesser-included offense of brandishing a machete under the United States Supreme Court's *Blockburger* test. When the elements of both offenses are viewed in the abstract, each offense requires the Commonwealth to prove an element which the other offense does not require to be proven. Consequently, the circuit court did not err in this case in finding that Jones could be convicted of assault in his trial *de novo* after the general district court acquitted him of brandishing a machete. Furthermore, the doctrine of issue preclusion did not prevent the Commonwealth from introducing evidence that Jones intentionally wielded a knife and created reasonable fear in the minds of the victims because that specific fact was not the basis of Jones's prior acquittal. Therefore, for all of these reasons, we affirm the circuit court and remand to the circuit court for the limited purpose for it to correct a scrivener's error in the conviction order and final sentencing order.[1] *See* Code § 8.01-428(B).

*Affirmed and remanded.*

---

[1] The October 1, 2021 conviction order and the December 2, 2021 final order of the Circuit Court of Henrico County describe Jones's conviction as "assault and batter (M)" under Code § 18.2-57. However, the transcript at the trial *de novo* and the transcript at the sentencing hearing clearly show that Jones was only convicted of the misdemeanor of assault under Code § 18.2-57—not misdemeanor assault and battery. At Jones's trial *de novo* in the circuit court and at Jones's sentencing hearing, the circuit court noted that Jones "was guilty of the assault" and that "this case came on appeal by the Defendant of the assault." Therefore, we remand this case to the circuit court solely for correction of the scrivener's error in the conviction order and the final order so that they reflect the proper description of Jones's conviction for assault. Code § 8.01-428(B); *see also Coleman v. Commonwealth*, 51 Va. App. 284, 286 n.1 (2008).